LEFLAR, APPELLANT, v. KEHLER ET AL., APPELLEES.

(No. 9304—Decided May 27, 1963.)

*Messrs. Weber, Hensley & Nurre*, for appellant.
*Mr. Milton M. Bloom*, for appellees.

HUNSICKER, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio.

Albert M. Leflar brought an action against George A. Kehler, Alvin F. Seebohm, Gloria L. Burton, Paul W. Ballback, and R. A. Bauer. These defendants compose the Board of Education of the city of Lockland, Hamilton County, Ohio. Albert M. Leflar is employed as assistant high school principal by that Board of Education, and is also the Mayor of the city of Lockland.

In the petition which Mr. Leflar filed, he alleged, among other things, that the "defendants jointly conspired to maliciously compose and cause to be published of and concerning plaintiff (Mr. Leflar), a certain false, malicious and defamatory letter * * *." Other allegations were contained in the petition which indicated that the persons sued were acting both as individuals and as a Board of Education.

To this petition a motion was directed by counsel for the defendants in which they asked that: the Board of Education be made a party defendant; the individual defendants be dismissed as defendants; certain allegations be stricken; and the petition be dismissed as a sham pleading.

The trial court refused to dismiss the petition. The trial court, however, did order that the Board of Education be made a party defendant, that certain allegations be stricken, and that the individuals named as parties defendant be dismissed as defendants therein.

From this order, when journalized, the plaintiff lodged an appeal in this court, alleging prejudicial error in the judgment of the Court of Common Pleas.

In consideration of such appeal, we determine that the order making the Board of Education a new party defendant and the order striking certain allegations from the petition do not constitute final appealable orders as defined by Section 2505.02 of the Revised Code. There is no claim of abuse of judicial discretion herein.

This court does not have jurisdiction to review the order with reference to the addition of a new party or the striking of the allegation about which complaint is made. The appeal as to such portion of the judgment is dismissed as not being a final order under the statute.

We do not by this action herein determine whether a good cause of action is stated against such Board Education or whether such Board of Education, not having been served with a summons, is before the court. A decision in such matters is not called for in the present appeal.

Coming now to the other matter about which complaint of prejudicial error is made—to wit, the dismissal of the individual defendants.

We have examined with care the petition filed herein with the deletions ordered by the trial court. A petition, being the first pleading filed to secure redress for an alleged wrong, must, like all procedural matters, be liberally construed. *Gugle* v. *Loeser*, 143 Ohio St., 362; *Bell* v. *Salvation Army*, 172 Ohio St., 326; Section 2309.40, Revised Code.

We realize that the petition herein was not dismissed, and the claim that there is no final order herein has been asserted.

There are times when, as here, an amendment could not be made without destroying the basis upon which the action is brought. See: *Schindler* v. *Standard Oil Co.*, 165 Ohio St., 76. While we know the motion herein is not treated as a demurrer, still the analogy is so apparent that we consider the *Schindler case, supra,* authority for concluding that the judgment on the order, as it affects the right to proceed against the individual defendants named in the petition, is a final order affecting a substantial right and, hence, a subject for review by this court.

We have set out above a part of the allegations of the petition that remain after striking out the portion ordered deleted by the trial court. We believe that such allegations sufficiently designate certain individuals as having committed the claimed acts against the plaintiff. We hold that the trial court, in liberally construing the petition upon motion only, should have said that those individuals were being sued as individuals and not as a body politic.

This does not say, and we expressly refrain from saying, that a good cause of action is pleaded or that a demurrer should or should not be sustained. We limit ourselves only to the problem before us, and not to trying to anticipate that which may or may not take place in the future with respect to this lawsuit. See: *Gregory* v. *Small*, 39 Ohio St., 346; *Thomas* v. *Wilton*, 40 Ohio St., 516; *Stewart* v. *Southard*, 17 Ohio, 402, 49 Am. Dec., 463; *Gallagher* v. *Tooker*, 17 O. D., 750.

We determine that the trial court committed error prejudicial to the substantial rights of the appellant when it dismissed the individual defendants herein.

The judgment is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

DOYLE and YOUNGER, JJ., concur.

HUNSICKER, P. J., and DOYLE, J., of the Ninth Appellate District, and YOUNGER, J., of the Third Appellate District, sitting by designation in the First Appellate District.