AHLRICHS, ADMR., *v.* TRI-TEX CORPORATION ET AL.
SMITH, ADMR., APPELLANT, *v.* TRI-TEX CORPORATION ET AL., APPELLEES.

208

(No. C-860455—Decided
August 12, 1987.)

*Daniel E. Whiteley, Jr.*, for appellant.

*Norman A. Murdock, A. Dennis Miller* and *Philip J. Marsick*, for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant, Ronald M. Smith ("Smith"), in his capacity as administrator for the estate of Richard Smith ("decedent"), has taken the instant appeal from the entry of judgment dismissing his action to recover damages for the wrongful death of the decedent and denying his motion for substitution as party-plaintiff in the wrongful death action instituted by plaintiff James W. Ahlrichs ("Ahlrichs"). On appeal, Smith advances two assignments of error in which he inveighs against the entry of judgment of dismissal and the denial of his Civ. R. 25(C) motion for substitution.

In June 1983, the decedent was electrocuted in an industrial accident. On July 14, 1983, the Probate Division of the Hamilton County Court of Common Pleas issued letters of administration, upon the consent and waiver of Vera Harper Smith ("Harper"), the decedent's putative surviving spouse, appointing Ahlrichs as administrator for the decedent's estate. On July 19, Ahlrichs instituted a wrongful death action in the Hamilton County Court of Common Pleas against defendant-appellee Tri-Tex Corporation, the decedent's employer, for the benefit of Harper and the decedent's five surviving children (case No. A-8305808). Ahlrichs subsequently amended the complaint to add as parties defendants-appellees Laurence V. and Virginia L. McCarthy and Gable Electric Company.

Also on July 19, 1983, the Probate Court of Monroe County, Alabama, appointed Smith, decedent's son, to administer decedent's estate.[1] In December 1983, Smith instituted a sec-

---

[1] In a collateral action, Smith applied to the Hamilton County Probate Court for revocation of Ahlrichs's letters of authority. The probate court denied the application, and on appeal, we affirmed. See *In re Estate of Smith* (June 26, 1985), Hamilton App. No. C-840590, unreported. Our decision therein suggests that Smith's letters of administration were issued by the Probate Court of Montgomery County, Alabama. In the interest of accuracy, we note that Smith's letters of authority reflect his appointment by the Probate Court of Monroe County, Alabama.

ond wrongful death action in the Hamilton County Court of Common Pleas against the same defendants and for the benefit of the decedent's surviving children (case No. A-8310351). In January 1985, the actions brought by Ahlrichs and Smith were consolidated for purposes of discovery and trial under case No. A-8305808.

In November 1984, defendants Tri-Tex Corporation and Laurence and Virginia McCarthy joined in a Civ. R. 12(B)(6) motion seeking dismissal of Smith's complaint. In April 1986, Smith filed a motion, pursuant to Civ. R. 25(C), requesting to be substituted for Ahlrichs in his action against the defendants and thus to serve as the sole party-plaintiff in the consolidated actions. By separate entries, the court below granted the defendants' motion to dismiss and denied Smith's motion for substitution.[2]

In his first assignment of error, Smith contends that the trial court erred in dismissing his complaint. We disagree.

The defendants advanced their motion for dismissal under Civ. R. 12(B)(6) and premised it upon the contention that Smith lacked standing to bring his action in Ohio. The trial court, without elaboration, found this contention meritorious and, accordingly, granted the motion.

R.C. 2125.02(A)(1) mandates that a wrongful death action be brought in the name of a personal representative for the benefit of the decedent's surviving spouse, children and other next of kin. R.C. 2113.75 empowers a personal representative, appointed in another state, to institute and maintain an action for wrongful death in Ohio. See *McCluskey* v. *Rob San Services, Inc.* (S.D. Ohio 1977), 443 F. Supp. 65, 69. Thus, R.C. 2113.75, in conjunction with R.C. 2125.02, confers standing upon Smith, as the decedent's duly appointed administrator in the state of Alabama, to institute wrongful death proceedings in Ohio on behalf of the decedent's surviving spouse, children and other next of kin. We determine, however, that the dismissal was proper in that the pending Ahlrichs action was properly instituted and was first in point of time in filing. Additionally, Ahlrichs's Ohio letters of administration preceded Smith's Alabama letters of administration, and as set forth in our discussion under the second assignment of error, Ahlrichs is a suitable and proper person to serve as administrator. Appellant's first assignment of error is overruled.

In his second assignment of error, Smith assails the trial court's denial of his Civ. R. 25(C) motion for substitution. We find no merit to this challenge.

As we noted in fn. 1, Smith, in a collateral action, applied to the Hamilton County Probate Court for revocation of Ahlrichs's letters of administration and for the removal of Ahlrichs, as administrator. In July 1984, the probate court denied Smith's application, in part upon its determination: (1) that Dollie Sue Castillow ("Castillow"), who married the decedent in February 1966 and who disappeared in July of the same year, was presumed dead; and (2) that Harper, who resided with decedent from 1968 until his death in 1983 and who consented to Ahlrichs's appointment, was the decedent's surviving spouse. Castillow subsequently resurfaced, and in March 1986, the probate court, upon motion, granted relief from its previous judgment to the extent of its determination that Castillow was

---

[2] The June 5, 1986 entry granting defendants' motion to dismiss inadvertently dismissed the entire action as consolidated. By entry dated July 6, 1986, the trial court corrected its June 5 entry to reinstate the action instituted by Ahlrichs.

presumed dead and that Harper was the decedent's surviving spouse.

Civ. R. 25(C) governs the substitution of parties in the event of a transfer of interest and provides that an "action may be continued by * * * the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. * * *" Thus, pursuant to Civ. R. 25(C), substitution of parties is discretionary with the court and may be granted only upon a finding of transfer of interest. Smith contends that the Hamilton County Probate Court, in granting partial relief from its previous judgment, effectuated a transfer of interest from, *inter alia,* Harper, who acquiesced in the appointment of Ahlrichs, to Castillow, whose interest Smith purports to represent, and, consequently, from Ahlrichs to Smith. We are unpersuaded.

R.C. 2125.02(A)(1) mandates that an action for wrongful death "be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and * * * other next of kin of the decedent." A personal representative is, therefore, merely a nominal party, and the real parties in interest are the surviving spouse, children and other next of kin. Resultantly, a change in the class of beneficiaries whom an administrator represents does not alter the nominal role of the administrator under R.C. 2125.02. In the instant case, we find no transfer of interest between the two administrators which would warrant the substitution of Smith for Ahlrichs in the action instituted by Ahlrichs. We, therefore, conclude that the court below did not abuse its discretion in denying substitution and, accordingly, overrule the second assignment of error.

We affirm the judgment entered below.

*Judgment affirmed.*

KLUSMEIER, P.J., DOAN and UTZ, JJ., concur.