DATER, Appellant;  PNC Bank, N.A., Appellee,

v.

CHARLES H. DATER FOUNDATION, INC., Appellee, et al.

[Cite as *Dater v. Charles H. Dater Found., Inc.,* 166 Ohio App.3d 839, 2006-Ohio-2479.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050262.

Decided May 19, 2006.

Brickler & Eckler, L.L.P., Quintin F. Lindsmith, and James P. Schuck, for appellant.

Thompson Hine, L.L.P., Jack F. Fuchs, and Erin Alkire, for appellee PNC Bank.

Dinsmore & Shohl, L.L.P., Mark A. Vander Laan, and Amanda P. Lenhart, for appellee Charles H. Dater Foundation, Inc.

DoAN, Presiding Judge.

{¶ 1} In 1997, plaintiff-appellant, Ann D. Dater, initiated this lawsuit against defendant-appellee, the Charles H. Dater Foundation, Inc. The thrust of the

complaint was that the trustees of the foundation had taken advantage of the mental incapacity of her late husband, Charles H. Dater, to have large amounts of funds transferred to the foundation from Charles's assets, primarily located in the Charles H. Dater Trust, to enrich themselves through unearned and unjustified fees. The complaint sought the return of approximately $27 million to the trust.

{¶ 2} The trial court has twice dismissed the complaint for procedural reasons not on the merits, and this court has twice reversed the trial court's judgment. See *Dater v. Charles H. Dater Found., Inc.*, 1st Dist. Nos. C–020675 and C–020784, 2003-Ohio-7148, 2003 WL 23024026 (*Dater II* ); *Dater v. Charles H. Dater Found., Inc.* (Dec. 1, 2000), 1st Dist. Nos. C–990864 and C–000002, 2000 WL 1760261 (*Dater I* ). Now, the trial court has again effectively dismissed Mrs. Dater's complaint by ordering that intervening plaintiff-appellee, PNC Bank, successor trustee of the Charles H. Dater trust, be substituted as plaintiff for Ann Dater. We again reverse the trial court's judgment.

{¶ 3} The record shows that following our last remand, see *Dater II,* supra, at ¶ 98, PNC filed a motion to intervene along with a proposed complaint. It argued that "disposition of this action without allowing PNC to intervene may impair or impede its ability to protect the interests of the Trust in light of the advanced age and waning health of Mrs. Dater." It also stated that no delay or prejudice would occur because "the proposed complaint in intervention that is attached is identical in its averments to the Amended Complaint that is currently pending."

{¶ 4} In response, the foundation filed a motion for an order substituting PNC as the sole plaintiff in the case. It contended that "PNC alone, as the real party in interest and holder of legal title to the trust property of the Charles H. Dater trust, has the right to maintain this action."

{¶ 5} In an entry dated October 19, 2004, the trial court granted PNC's motion to intervene, noting that neither party had opposed or objected to the motion. PNC then filed its complaint in intervention. The foundation filed a motion to strike, alleging that the complaint was not the same as the proposed complaint attached to the motion to intervene. Instead, it contended, PNC's complaint added new allegations that "drastically change the nature of this lawsuit."

{¶ 6} On March 1, 2005, the court journalized a "partial final judgment" in which it stated that it had sua sponte decided to amend its October 19, 2004 order based on its "determination that, pursuant to Civil Rule 54(b), no just reason for delay exists for entering final judgment in the substitution of PNC Bank, N.A. * * * in its capacity as the Successor Trustee of the Charles H. Dater Trust, * * * for prior Plaintiff Ann C. Dater * * *." It went on to state, "As a result, this Court hereby adopts and incorporates the October 19, 2004 Order by reference and enters it as a final judgment as to Mrs. Dater and PNC based on

its determination that no just reason for delay exists for entry of this final judgment."

{¶ 7} That same day, the court also journalized an order granting in part and denying in part the foundation's motion to strike PNC's complaint in intervention. The court struck almost all of the complaint except those portions related to three asset transfers from the trust to the foundation between 1991 and 1993. Mrs. Dater filed her notice of appeal from both of these orders.

{¶ 8} Dater presents three assignments of error for review. In her first assignment of error, she contends that the trial court erred in granting the foundation's motion for an order substituting PNC as the sole plaintiff. She argues that a trial court cannot grant a motion for substitution of parties without a showing that one of the circumstances permitting substitution under Civ.R. 25 exists. This assignment of error is well taken.

{¶ 9} In its motion for substitution, the foundation cited Civ.R. 17(A), which states that "[e]very action shall be prosecuted in the name of the real party in interest." A real party in interest is one who is directly benefited or injured by the outcome of the case rather than one merely having an interest in the action itself. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 387, 632 N.E.2d 897; *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701.

{¶ 10} Civ.R. 17(A) provides for several methods of ensuring that the real party in interest prosecutes the case. It permits ratification, joinder, or substitution. See *Botkins,* supra, at 388, 632 N.E.2d 897. Civ.R. 25 governs the process of substitution, and it specifies when substitution of a party may occur. It allows substitution only in the case of death, incompetency, or "transfer of interest." See *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 71, 567 N.E.2d 1291; *Boedeker v. Rogers* (2000), 140 Ohio App.3d 11, 19–20, 746 N.E.2d 625.

{¶ 11} Civ.R. 25(C) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." While the decision whether to allow a substitution of parties lies within the trial court's discretion, the court may only grant the motion upon a finding of a transfer of interest. *Ahlrichs v. Tri–Tex Corp.* (1987), 41 Ohio App.3d 207, 210, 534 N.E.2d 1231. In this case, no transfer of interest has occurred.

{¶ 12} The foundation contends that Mrs. Dater is not the real party in interest and that the transfer of interest occurred once the trustee, the real party in interest, sought to intervene. The foundation's argument fails because Mrs.

Dater has been and remains a real party in interest, and the trial court could not have found otherwise.

{¶ 13} In one of the previous appeals, this court specifically held that Mrs. Dater had standing to bring her claims against the foundation. *Dater II,* supra, at ¶ 86–96. Any issues about whether she is a proper party in the litigation were decided in the prior appeal or should have been raised at that time. That Mrs. Dater is a proper party is now the law of the case, to which the trial court must adhere, and it is without authority to extend or vary that mandate. See *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3–4, 11 OBR 1, 462 N.E.2d 410; *Hamilton Cty. Bd. of Commrs. v. Cincinnati,* 154 Ohio App.3d 504, 2003-Ohio-5089, 797 N.E.2d 1027, ¶ 26–27. This court will not revisit that issue.

{¶ 14} The trial court, in granting the foundation's motion for substitution, did not specify exactly what transfer of interest had occurred, and we find that none did occur. This case is not the same as where a party to a contract has assigned his or her rights to another, or where a legal event such as a bankruptcy filing has triggered a transfer of interest. See *Botkins, Shealy,* and *Boedeker,* supra; *Winters Natl. Bank & Trust Co. v. Midland Acceptance Corp.* (1934), 47 Ohio App. 324, 191 N.E. 889. Here, the only event that occurred was PNC's filing of a motion to intervene. PNC has been the trustee of the trust since January 2000. Mrs. Dater was the primary income beneficiary of the trust prior to PNC's motion and has remained the primary income beneficiary. Whatever interest the trustee had before its motion was filed was the same interest it had afterward. The parties' interests did not change after PNC sought to intervene. PNC itself acknowledged this when it sought to intervene, not to be substituted as a party. That the foundation, not PNC, was the entity that moved for substitution and so fervently sought it bespeaks that the two parties' interests are not the same.

{¶ 15} The purpose of the real-party-in-interest rule is to enable defendants to avail themselves of evidence and defenses that they may have against the real party in interest, to ensure them finality, and to protect them against another suit brought by the real party in interest on the same matter. *Shealy,* supra, 20 Ohio St.3d at 24–25, 20 OBR 210, 485 N.E.2d 701; *Security Trust Co. v. Gross* (Dec. 16, 1985), 12th Dist. Nos. CA83–06–054, CA83–06–058, and CA83–06–069, 1985 WL 4435. Substituting PNC as plaintiff for Mrs. Dater did not accomplish these goals. To the contrary, it defeated them, as Mrs. Dater still has claims against the foundation.

{¶ 16} Accordingly, we hold that the trial court erred in granting the foundation's motion to substitute PNC as the sole plaintiff in this case. We reverse the

trial court's judgment ordering the substitution, and we sustain Mrs. Dater's first assignment of error.

{¶ 17} In her second assignment of error, Mrs. Dater contends that the trial court erred in granting substitution without making any factual determination that Mrs. Dater was not a real party in interest. Since we have already determined that Mrs. Dater was a real party in interest, we find this assignment of error to be moot, and, we, therefore, decline to address it. See App.R. 12(A)(1)(c); *Firstar Bank, N.A. v. First Serv. Title Agency,* 1st Dist. No. C–030641, 2004-Ohio-4509, 2004 WL 1906851, ¶ 18.

{¶ 18} In her third assignment of error, Mrs. Dater contends that the trial court erred in granting the foundation's motion to substitute parties while at the same time granting PNC's motion to intervene. She argues that substitution and intervention are mutually exclusive remedies. She also argues that by ordering intervention and substitution at the same time, and then striking substantive claims from PNC's complaint, the trial court substantively dismissed her as a party in the lawsuit and allowed a new, more circumscribed lawsuit in its place. While we agree in theory with some of Mrs. Dater's arguments, we ultimately overrule this assignment of error.

{¶ 19} In its March 1, 2005 entry, the trial court stated that it was amending its entry of October 19, 2004, in which it had allowed PNC to intervene, to substitute PNC as the plaintiff for Mrs. Dater. Our reading of that entry shows that the court had changed its mind and was not allowing both intervention and substitution, but instead had decided to allow the substitution instead of the intervention. Since we have already held that the trial court erred in granting the motion to substitute, we vacate the court's March 1, 2005 entry. We leave its October 19, 2004 entry allowing the intervention intact, since PNC's intervention was proper and none of the parties objected. See Civ.R. 24; *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 352–353, 29 OBR 479, 505 N.E.2d 1010; *Phillips v. May,* 11th Dist. No. 2003–G–2520, 2004-Ohio-5942, 2004 WL 2526409, ¶ 40–41; *Security Trust Co.,* supra. Further, our vacation of the trial court's entry granting the foundation's motion for substitution effectively reinstates Mrs. Dater's amended complaint in full.

{¶ 20} Additionally, on March 1, 2005, the court journalized a separate order granting the foundation's motion to strike most of PNC's complaint except for those parts related to three specific transfers. We agree that the motion was probably improperly granted. But, as PNC acknowledges, we cannot reach the issue at this time because the entry granting the motion to strike was not a final, appealable order under R.C. 2505.02, and it did not contain Civ.R. 54(B) language. See *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94–96, 540 N.E.2d 1381; *Norvell v. Cuyahoga Cty. Hosp.* (1983), 11 Ohio App.3d 70, 70–71, 11 OBR 120, 463 N.E.2d

111; *Leflar v. Kehler* (1963), 119 Ohio App. 192, 193, 26 O.O.2d 284, 192 N.E.2d 117. Therefore, this court is without jurisdiction to consider the issues decided in that entry. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Amer.* (1989), 44 Ohio St.3d 17, 19–20, 540 N.E.2d 266; *In the Matter of Myers* (1995), 107 Ohio App.3d 489, 496, 669 N.E.2d 53. We overrule Mrs. Dater's third assignment of error.

{¶ 21} In sum, we sustain Mrs. Dater's first assignment of error. We vacate the trial court's March 1, 2005 order granting the foundation's motion to substitute PNC for Mrs. Dater as the sole plaintiff. We reinstate the trial court's October 19, 2004 order granting PNC's motion to intervene. Finally, we remand the case to the trial court for further proceedings consistent with this decision.

Judgment accordingly.

SUNDERMANN and HENDON, JJ., concur.