[Cite as *Hampton v. Prince Hall Hous.*, 2011-Ohio-6035.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| DELLA HAMPTON, | : | APPEAL NO. C-110188 |
| | | TRIAL NO. A-9800522 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| PRINCE HALL HOUSING, | : | |
| | | |
| Defendant-Appellee. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 23, 2011


*A. Brian McIntsoh*, for Plaintiff-Appellant.


Please note:  This case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1} In 1998, plaintiff-appellant Della Hampton filed suit against Prince Hall Housing after she was injured in a fall on Prince Hall's property.[1] Hampton obtained a default judgment against Prince Hall in the amount of $75,000. In 2002, Hampton had not yet collected her judgment, and she assigned her interest in the default judgment to "Warren, Edwards, and Bryce," an entity/group in Colorado. She filed a copy of the assignment with the Hamilton County Clerk of Courts.

{¶2} In November of 2010, Hampton filed with the trial court, in the same numbered case as the original action against Prince Hall Housing, a motion to set aside the assignment of judgment that she had made to "Warren, Edwards, and Bryce," but the motion listed Prince Hall Housing as the defendant. Prince Hall made no appearance in the trial court, and it did not respond to Hampton's motion. The trial court denied Hampton's motion to set aside the assignment, and this appeal ensued.

{¶3} In this appeal, Hampton has likewise named Prince Hall Housing as the defendant-appellee. Prince Hall Housing has made no appearance and has not filed an appellate brief.

### *Lack of Personal Jurisdiction*

{¶4} Because "Warren, Edwards, and Bryce" was not named as a party and was not served with notice of this action, the trial court never acquired personal jurisdiction over "Warren, Edwards, and Bryce."

---

[1] Prince Hall Housing's name also appears as Price Hall Housing in the record. For clarity, we will refer to the party throughout this opinion as Prince Hall Housing.

{¶5} Under Civ.R. 17(A), all actions must be brought in the names of the real parties in interest. A real party in interest is one who "is directly benefited or injured by the outcome of the case." *Dater v. Charles H. Dater Found., Inc.*, 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699, ¶9. In this case, Hampton sought to set aside an assignment that she had made to "Warren, Edwards, and Bryce." Consequently, the real parties in interest in the present controversy are Hampton and "Warren, Edwards, and Bryce." "Warren, Edwards, and Bryce" was not named as a party in Hampton's motion to set aside the assignment, and it was never served with notice of the motion. Rather, Hampton named Prince Hall Housing, a party with absolutely no interest in the assignment, as the defendant in her motion. "Warren, Edwards, and Bryce" has made no appearance and has filed no response in this action. The record indicates that Hampton has made no effort to properly bring a lawsuit against "Warren, Edwards, and Bryce," either by filing a separate original action or by properly joining them in the lawsuit originally filed against Prince Hall Housing.

{¶6} Because Hampton failed to name and serve the real party in interest, we have, in essence, a lawsuit with only one party. See *St. Clair v. Person*, 1st Dist. No. C-010094, 2002-Ohio-1129. Since there was no opposing party over which the trial court could have properly acquired personal jurisdiction, the trial court should have dismissed Hampton's action for lack of personal jurisdiction over "Warren, Edwards, and Bryce." Id. Consequently, we reverse the judgment entered by the trial court and remand the cause with instructions to the trial court to dismiss the action for lack of personal jurisdiction.

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **HILDEBRANDT, J.,** concur.

3

Please Note:

The court has recorded its own entry on the date of the release of this opinion.