[Cite as *Whitley v. Progressive Cas. Ins. Co.*, 2012-Ohio-329.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| JEFFREY S. WHITLEY, | : | APPEAL NO. C-110157<br>TRIAL NO. A-0811959 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| PROGRESSIVE CASUALTY<br>INSURANCE COMPANY, | : | |
| | : | |
| and | : | |
| | : | |
| PROGRESSIVE PREFERRED<br>INSURANCE COMPANY, | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

_____

|  |  |  |
|---|---|---|
| LORA N. WHITLEY, | : | APPEAL NO. C-110168<br>TRIAL NO. A-0811925 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| PROGRESSIVE PREFERRED INSURANCE<br>COMPANY, | : | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Appeals Dismissed

Date of Judgment Entry on Appeal:  February 1, 2012

*Manley Burke, LPA, Emily Supinger, Daniel J. McCarthy,* and *James M. Cooney,*
for Plaintiff-Appellant, Jeffrey S. Whitley,

*Thomas J. Ruwe,* for Plaintiff-Appellant, Lora N. Whitley,

*Freund, Freeze & Arnold* and *Jennifer K. Nordstrom,* for Defendants-Appellees, Progressive Casualty Insurance Company and Progressive Preferred Insurance Company.

Note: We have removed this case from the accelerated calendar.

Per Curiam.

{¶1}    Plaintiffs-appellants Jeffrey S. and Lora N. Whitley appeal the summary judgment entered for defendants-appellees Progressive Preferred Insurance Company and Progressive Casualty Insurance Company ("Progressive") on the issue of whether a Progressive insurance policy excluded uninsured motorist benefits to Jeffrey and Lora where the tortfeasor was statutorily immune from liability.  Because we lack jurisdiction to hear these appeals, we sua sponte dismiss them.

### I. Background Facts

{¶2}    In June 2005, a motor vehicle driven by an on-duty Hamilton County deputy sheriff and a motorcycle driven by Jeffrey collided.  Jeffrey's spouse, Lora, was a passenger on his motorcycle.  The Whitleys were seriously injured.  A court determined that the deputy and the political subdivision that employed him were immune from liability under R.C. Chapter 2744.  *See Whitley v. Progressive Preferred Ins. Co.*, 1st Dist. Nos. C-090240 and C-090284, 2010-Ohio-356.

{¶3}    In the case numbered A-0811959, Jeffrey filed suit against Progressive, his insurer.  He sought a declaration that he was entitled to uninsured motorist benefits as a result of the collision with the deputy, and an award of damages.  In the case numbered A-0811925, Lora separately filed suit against Progressive. She sought a declaration that she was entitled to medical payments benefits and uninsured or underinsured motorist benefits under Jeffrey's policy as a result of the collision, and an award of damages.  She alleged that the deputy and Jeffrey were both tortfeasors.

{¶4}     At the request of the parties, the trial court consolidated the two cases under Civ.R. 42(A).  The court ordered that filings be made only in the case numbered A-0811925.

{¶5}     Progressive moved for and was granted summary judgment in both cases on the issue of whether the insurance policy excluded uninsured motorist benefits where the tortfeasor was statutorily immune from liability.  The trial court cited *Snyder v. Am. Family Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, in support of its decision.  The order, however, did not resolve Lora's claims for medical payments coverage and uninsured or underinsured coverage related to Jeffrey's alleged negligence.

{¶6}     These appeals followed.  The Whitleys each challenge the summary judgment in a single assignment of error for our review.

## II. Dismissal

{¶7}     We lack jurisdiction to reach the merits of these claims. Before a lower court's order can be reviewed on appeal, it must be final within the meaning of R.C. 2505.02 and meet the requirements of Civ.R. 54(B), if applicable.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989).  In this case, the order appealed is final as defined by R.C. 2505.02(B)(2).[1]  It affects substantial rights—the Whitleys' rights to uninsured motorist coverage and damages based on the statutory immunity of a tortfeasor.  *See* R.C. 2505.02(A)(1).[2]  And it was entered in an action for declaratory judgment, which is a special proceeding.  *See Walburn v.*

---

[1] R.C. 2505.02(B)(2) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."
[2] R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

*Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 21, citing R.C. 2505.02(A)(2) and *Gen. Acc.*

{¶8}    But Civ.R. 54(B) applies because the consolidated cases involve multiple claims and multiple parties.    *See Whitaker v. Kear*, 113 Ohio App.3d 611, 681 N.E.2d 973 (4th Dist.1996), citing *Mezerkor v. Mezerkor*, 70 Ohio St.3d 304, 308, 638 N.E.2d 1007 (1994); *In re Consol. Mtge. Satisfaction Cases*, 1st Dist. No. C-000114 (Dec. 15, 2000).

{¶9}    Generally, Civ.R. 54(B) requires that a trial court order that disposes of fewer than all claims against all parties in a lawsuit involving multiple parties or multiple claims include a determination that "there is no just reason for delay." Civ.R. 54(B).  *See Gen. Acc.* at 23; *but see Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88 ("R.C. 2744.02(C) permits a political subdivision to appeal a trial court order that denies it the benefit of an alleged immunity from liability, even when the order makes no determination pursuant to Civ.R. 54(B).")

{¶10}   Lora's other claims for coverage remain pending, and the trial court did not certify that no just cause for delay existed, as required by Civ.R. 54(B). Therefore, Jeffrey and Lora have appealed from an order that is not final and appealable, and their appeals must be dismissed for lack of jurisdiction.  *See Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *Nationwide Mut. Ins. Co. v. Pragotrade, Inc.*, 8th Dist. No. 94497, 2010-Ohio-5603, ¶ 20-22.

Appeals dismissed.

HENDON, P.J., CUNNINGHAM and FISCHER, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.