[Cite as *Losantiville Holdings L.L.C. v. Kashanian*, 2012-Ohio-3435.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LOSANTIVILLE HOLDINGS, LLC, | : | APPEAL NO. C-110865<br>TRIAL NO. A-1003363 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DANIEL KASHANIAN, | : | |
| NOAM KASHANIAN, | : | |
| and | : | |
| DNK HOLDINGS, LLC, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Common Pleas Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 1, 2012

*Frost Brown Todd, LLC*, and *Douglas R. Dennis*, for Plaintiff-Appellee,

*Doucet & Associates, LLC*, *Troy J. Doucet* and *Audra Lepi Tidball*, for Defendants-Appellants.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1} In June 2007, Daniel Kashanian and Noam Kashanian executed two promissory notes in favor of WesBanco Bank, Inc., in the principal amounts of $700,000.00 and $300,000.00. The notes were secured by an open-end mortgage, security agreement, and assignment of rents, income, and proceeds covering a property located at 1811 Losantiville Avenue in Cincinnati.

{¶2} In April 2010, WesBanco filed a foreclosure action against the Kashanians and named DNK Holdings, LLC, as a defendant, because it was the titleholder of the property that was subject to the mortgage.

{¶3} In October 2010, WesBanco filed a motion for a default judgment, asserting that the Kashanians and DNK Holdings, LLC, ("the Kashanians") had failed to plead or otherwise defend the action. According to the motion, service had been perfected on the Kashanians on September 16, 2010.

{¶4} While WesBanco's motion was pending, WesBanco executed an assignment of mortgage in favor of plaintiff-appellee Losantiville Holdings, LLC, ("Losantiville") whereby it assigned its interests. An assignment of mortgage was recorded on November 18, 2010.

{¶5} On November 19, 2010, the trial court granted a default judgment in favor of WesBanco and against the Kashanians, and entered a judgment entry and decree of foreclosure. On the same day, WesBanco filed a motion to substitute Losantiville as the plaintiff in the foreclosure action.

{¶6} On December 27, 2010, Losantiville filed a motion for relief from the default judgment pursuant to Civ.R. 60(B). It moved the court to modify its judgment to reflect the assignment and to name Losantiville as the prevailing plaintiff.

{¶7} The same day, for the first time in the foreclosure action, the Kashanians filed a notice of appearance of counsel. On January 5, 2011, they opposed the Civ.R. 60(B) motion filed by Losantiville. They argued that the original judgment needed no amendment and that Losantiville was not entitled to relief under Civ.R. 60(B).

{¶8} On January 11, 2011, a magistrate heard arguments on Losantiville's motion. Following the hearing, the magistrate issued a decision granting the motion. The magistrate indicated that the court would modify its default judgment to name Losantiville as the real party in interest in whose favor the judgment would run. The Kashanians requested findings of fact and conclusions of law, pursuant to Civ.R. 53(D)(3)(a)(ii).

{¶9} On April 11, 2011, the magistrate issued an amended decision that included his factual findings and legal conclusions. He concluded that Losantiville was entitled to relief, so he vacated the November 19, 2010 judgment entry and decree in foreclosure, and substituted Losantiville as the plaintiff.

{¶10} On April 25, 2011, the Kashanians filed objections to the magistrate's decision. On June 30, 2011, following a hearing on the Kashanians' objections, the trial court adopted the magistrate's decision.

{¶11} On July 13, 2011, Losantiville filed a motion for default judgment, summary judgment, and order of sale. The Kashanians filed a motion for reconsideration of the court's substitution of Losantiville as plaintiff. They also sought leave to file a belated memorandum in opposition to WesBanco's November 2010 motion to substitute Losantiville as plaintiff.

{¶12} On August 1, 2011, the Kashanians filed a memorandum in opposition to Losantiville's default motion and moved for leave to file an answer to the April 2010 complaint.

{¶13} On August 17, 2011, the magistrate issued a decision denying the Kashanians' motion to reconsider the substitution order. The Kashanians filed objections.

{¶14} On September 13, 2011, the magistrate issued a decision granting Losantiville's motion for default judgment, summary judgment, and order of sale. The magistrate also denied the Kashanians' motion for leave to file an answer. The Kashanians objected.

{¶15} On December 2, 2011, following a hearing on the Kashanians' objections, the trial court adopted the magistrate's decisions substituting Losantiville for WesBanco as plaintiff, denying the Kashanians leave to answer, and granting Losantiville's motion for default judgment, summary judgment, and order of sale. The Kashanians now appeal.

{¶16} In their first assignment of error, the Kashanians argue that the trial court erred by granting Losantiville relief from the November 19, 2010 default judgment. They contend that Losantiville was not a proper party and that the court abused its discretion in granting the relief.

{¶17} Civil actions must be prosecuted in the name of the real party in interest. *See* Civ.R. 17(A). A real party in interest is one who is directly benefited or injured by the outcome of the case. *See* Civ.R. 17(A)*; State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 387, 632 N.E.2d 897 (1994)*; Dater v. Charles H. Dater Found., Inc.,* 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699 (1st Dist). In foreclosure actions, the current holder of the note and mortgage is the real party in interest. *See Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C-061069, 2007-Ohio-5874, ¶ 18. In this case, Losantiville was the holder of the Kashanians' notes and mortgage, and was, therefore, the real party in interest in the action.

{¶18} Moreover, the person to whom an interest has been transferred may be substituted in an action in place of the party that previously held the interest. *See* Civ.R.

25(C); *Boedecker v. Rogers*, 140 Ohio App.3d 11, 19-20, 746 N.E.2d 625 (8th Dist.2000). And the substitution operates as if the action had been commenced in the successor's name. Civ.R. 17(A); *Boedecker.* If the court finds that a transfer of interest has occurred, its decision to allow a substitution of parties is reviewed for an abuse of discretion. *Dater* at ¶ 11, citing *Ahlrichs v. Tri-Tex Corp.*, 41 Ohio App.3d 207, 534 N.E.2d 1231 (1st Dist.1987). In this case, the trial court properly allowed Losantiville to be substituted for WesBanco upon its finding that WesBanco had transferred its interest in the notes and mortgage to Losantiville.

{¶19} The Kashanians also argue that Losantiville failed to demonstrate that it was entitled to relief under any of the grounds in Civ.R. 60(B). In this case, the magistrate found that Losantiville was entitled to relief under Civ.R. 60(B)(1), which allows relief for "mistake, inadvertence, surprise or excusable neglect," because the original judgment entry had contained two significant omissions. First, the entry had omitted language specifically ordering a money judgment against the Kashanians despite the court's explicit finding to that effect. Second, the entry omitted language detailing the amounts due under the notes. The magistrate further found that Losantiville had a meritorious claim because WesBanco's assignment to Losantiville had occurred before the final judgment was entered.

{¶20} Despite the trial court's determinations with respect to Civ.R. 60(B), the record makes clear that the court granted relief from its judgment because of its own "inadvertent deficiencies in the [j]udgment [e]ntry." A court is authorized to correct mistakes in its entries that occurred due to an oversight or an omission, at any time on its own initiative. *See* Civ.R. 60(A). Although the trial court indicated that it had granted relief from the default judgment pursuant to subsection (B), rather than subsection (A), of Civ.R. 60, it was right for the wrong reasons. *See Eysoldt v. Proscan Imaging*, 1st Dist. No. C-110138, 2011-Ohio-6740, citing *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202,

5

943 N.E.2d 1041, ¶ 10 (1st Dist.), and *Hall v. Gill*, 108 Ohio App.3d 196, 205, 670 N.E.2d 503 (1st Dist.1995). The court was simply correcting the language of its entry to effectuate its intended result. We hold that the court did not abuse its discretion in granting relief from its judgment. Consequently, we overrule the first assignment of error.

{¶21} In their second and third assignments of error, the Kashanians argue that the trial court erred in denying their motion for leave to file an answer, and in granting a default judgment against them.

{¶22} A default judgment may be awarded when a defendant fails to file an answer or otherwise defend against an action. *See* Civ.R. 55. A court may, within its discretion, extend the time to file a late pleading "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." *See* Civ.R. 6(B)(2); *Kenwood Office Assoc. v. Maryland Regional Impotence Ctr., Inc.*, 1st Dist. No. C-970049, 1997 Ohio App. LEXIS 5779 (Dec. 26, 1997).

{¶23} In this case, the trial court determined that the Kashanians' failure to file a timely answer was not the result of excusable neglect. The court found that their motion for leave to answer was made nearly 11 months after they had been served with the complaint, seven months after they had appeared at a hearing on Losantiville's motion for relief, one month after the trial court had granted the relief requested, and three weeks after Losantiville had filed its motion for default judgment. The court concluded that the Kashanians had failed to provide good cause for their failure to file a timely answer or to otherwise defend against the action. On this record, we find no abuse of discretion by the trial court. We overrule the second and third assignments of error.

{¶24} In their fourth assignment of error, the Kashanians argue that, to the extent the trial court's judgment could be construed as granting summary judgment in Losantiville's favor, the trial court erred by entering the judgment. The trial court's entry

stated that a default judgment was proper and that, "even if not," the magistrate's conclusion that Losantiville was entitled to summary judgment was "also supported by the undisputed evidence in the case."

{¶25} However, any finding by the trial court with respect to Losantiville's summary-judgment motion was superfluous. Because the Kashanians were in default, there was no evidentiary burden on Losantiville, and judgment was properly entered in its favor on the basis that the Kashanians had not defended the action. Consequently, we overrule the fourth assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**SUNDERMANN, P.J.,** and **DINKELACKER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.