[Cite as *Eismann v. Standard Fire Ins. Co.*, 2016-Ohio-1041.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| EDWARD EISMANN, | : | APPEAL NO. C-150342 |
| | | TRIAL NO. A-1402693 |
| and | : | |
| JANE LEWIN, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| STANDARD FIRE INSURANCE CO., | : | |
| and | : | |
| TRAVELERS, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| CITY OF CINCINNATI, | : | |
| and | : | |
| GREATER CINCINNATI WATER WORKS, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: March 16, 2016

*The Fogelman Law Firm, LLC,* and *Amy L. Fogelman*, for Plaintiffs-Appellants,

*Gregory and Meyer, P.C.,* and *Kurt D. Meyer*, for Defendants-Appellees.


**Please note: this case has been removed from the accelerated calendar.**

**FISCHER**, **Presiding Judge.**

{¶1} Plaintiffs-appellants Edward Eismann and Jane Lewin appeal from the trial court's entry granting judgment on the pleadings to Standard Fire Insurance Co. ("Standard Fire") and Travelers. Because we lack jurisdiction to entertain their appeal, we dismiss it.

{¶2} Eismann and Lewin filed a complaint against defendants city of Cincinnati and Greater Cincinnati Water Works for negligent inspection, maintenance, repair, and replacement of a water main that had causing flooding at their home. Eismann and Lewin later amended their complaint to add a breach-of-contract claim against Standard Fire and Travelers based on their refusal to cover Eismann and Lewin's damages to their home from the water-main break.

{¶3} Eismann and Lewin subsequently filed a motion seeking a declaration that their policy with Standard Fire and Travelers covered their losses. Standard Fire and Travelers filed a motion for judgment on the pleadings, arguing that they were not required to provide coverage for the loss based upon the water-damage exclusion in the policy. The trial court granted Standard Fire and Travelers's motion for judgment on the pleadings. In its entry, the trial court stated that Eismann and Lewin's claims against the city of Cincinnati remained pending.

{¶4} In a single assignment of error, Eismann and Lewin argue the trial court erred by granting judgment on the pleadings to Standard Fire and Travelers. But before we can address the merits of their assignment of error, we must determine if we have jurisdiction to entertain their appeal.

{¶5} Section 3(B)(2), Article IV of the Ohio Constitution confers upon courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals

within the district * * *." R.C. 2505.03(A) limits the jurisdiction of courts of appeals to the review of "final order[s], judgment[s], or decree[s]." R.C. 2505.02(B)(1) defines a "final order" as "an order that affects a substantial right in an action which in effect determines the action and prevents a judgment."

{¶6} The Ohio Supreme Court has held that an order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus; *GE Credit Union v. Meadows,* 1st Dist. Hamilton No. C-150230, 2015-Ohio-5480, ¶ 2; *Daudistel v. Village of Silverton*, 1st Dist. Hamilton No. C-120611, 2013-Ohio-2103, ¶ 5; *Brantley v. First Title Agency, Inc.*, 1st Dist. Hamilton No. C-110480, 2012-Ohio-766, ¶ 5; *Whitley v. Progressive Cas. Ins. Co.*, 1st Dist. Hamilton Nos. C-110157 and C-110168, 2012-Ohio-329, ¶ 9; *Icon Constr. Inc. v. Statman, Harris, Siegel & Eyrich, LLC*, 1st Dist. Hamilton No. C-090458, 2010-Ohio-2457, ¶ 7; *Dater v. Charles H. Dater Found., Inc.*, 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699, ¶ 20 (1st Dist.). Civ.R. 54(B) provides that "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶7} Here, the entry Eismann and Lewin have appealed disposed of their breach-of-contract claims against Standard Fire and Travelers and meets the definition of a final order under R.C. 2505.02(B)(1). But as noted by the trial court in its entry, Eismann and Lewin's negligence claims against the city of Cincinnati and Greater Cincinnati Water Works remain pending in the trial court. Accordingly, the trial court's order would be immediately appealable only upon compliance with

Civ.R. 54(B) by an express determination that "there is no just reason for delay." Here, the trial court did not include the words "there is no just reason for delay" in its entry granting judgment to Standard Fire and Travelers. We conclude, therefore, that the entry Eismann and Lewin have appealed does not comply with Civ.R. 54(B) and is not a final appealable order. We are accordingly without jurisdiction to entertain their appeal, and for that reason, their appeal is dismissed. *See State ex rel. A & D Ltd. Partnership v. Keefe*, 77 Ohio St.3d 50, 52, 671 N.E.2d 13 (1996); *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 19, 540 N.E.2d 266 (1989); *Daudistel* at ¶ 7-8; *Whitley* at ¶ 9; *Dater* at ¶ 20.

                                                                                                    Appeal dismissed.

**MOCK** and **STAUTBERG, JJ.,** concur.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.