[Cite as *Geauga Cty. Bd. of Health v. Malliski*, 2022-Ohio-2631.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

GEAUGA COUNTY
BOARD OF HEALTH,

        Plaintiff-Appellee,

- v -

EUGENE MALLISKI, et al.,

        Defendants,

DNL CAPITAL, LLC,

        Defendant-Appellant.

CASE NO. 2022-G-0012

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2010 M 001154

# **O P I N I O N**

Decided: August 1, 2022
Judgment: Reversed and remanded

*James R. Flaiz*, Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*David M. King*, King Law, LLC, 137 Main Street, Suite 1, Chardon, OH 44024 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, DNL Capital, LLC ("DNL Capital"), appeals from the January 26, 2022, judgment entry of the Geauga County Court of Common Pleas, which substituted DNL Capital for the original defendants, Eugene Malliski and Alice Malliski (the "Malliskis"). Appellee, the Geauga County Board of Health ("Bd. of Health"), obtained a default judgment against the Malliskis in 2011. The default judgment entry ordered the Malliskis, as the property owners of 12490 Kinsman Road in Burton Township (the

"property"), and "their heirs, successors, any persons acting in concert with them, their assigns, and/or any co-owners of the property" from further violation of the Bd. of Health's order, which required them to obtain a sewage permit and install a new sewage disposal system on the property.

{¶2} DNL Capital raises three assignments of error for our review, contending that the trial court committed prejudicial error (1) by ordering the substitution of DNL Capital after judgment; (2) by failing to allow it an opportunity to respond to and be heard in connection with the Bd. of Health's motion to substitute defendants; and (3) by failing to make a finding supported by some competent, credible evidence of probative value that there had been a transfer of interest.

{¶3} After a careful review of the record and pertinent law, we find DNL Capital's second assignment of error dispositive of this appeal. A review of the docket in this case reveals the trial court abused its discretion by ruling on the Bd. of Health's "Motion to Substitute Defendant(s)" without allowing DNL Capital an opportunity to respond. Pursuant to Civ.R. 6(C)(1) and Loc.R. 7(B)(2) of the Court of Common Pleas of Geauga County, DNL Capital had 14 days to respond to the Bd. of Health's motion. However, the trial court ruled on the motion five days after it was filed. We decline to address DNL Capital's first and third assignments of error, since they are not yet ripe for review. Any determination would be premature since the trial court has yet to consider DNL Capital's response to the Bd. of Health's "Motion to Substitute Defendant(s)."

{¶4} The judgment of the Geauga County Court of Common Pleas is reversed, and this matter is remanded for further proceedings in accordance with this opinion.

2

**Substantive and Procedural Facts**

{¶5} Eleven years ago, in 2011, the Bd. of Health filed a complaint for injunctive relief against the Malliskis, alleging that there were violations of sanitary rules and regulations on the property, that it issued an order requiring the Malliskis to obtain a sewage permit and install a new sewage disposal system within 30 days, and that the Malliskis failed to comply with the order and continued to cause and create violations, causing an irreparable harm to the general public. The complaint prayed for permanent injunctive relief to enjoin the Malliskis from continued violation of the order. It also asked the court to order the Malliskis to obtain the necessary permit, install a new sewage household disposal system in compliance with the Geauga County Household Sewage Disposal System Requirements, and to have the system inspected by the Geauga County Health District.

{¶6} Service of the complaint upon the Malliskis was not obtained until a year later. The Bd. of Health filed a motion for default judgment, alleging that the Malliskis failed to serve and file an answer and that default judgment was appropriate. Attached to the motion was an affidavit from the Geauga County Health Commissioner, Robert Weisdack ("Mr. Weisdack"), in which he averred that on January 5, 2009, the Bd. of Health rendered written findings/order to the Malliskis, finding them to be in violation of Geauga County Household Sewage Disposal Regulations 3701-20-02(D), (F), (G)(3)(a) and (b). The Bd. of Health ordered them to obtain a sewage permit and install a new sewage disposal system within 30 days. Mr. Weisdack further averred that after reviewing the case file, the Malliskis had failed to comply with the Bd. of Health's order.

{¶7} The trial court granted the default judgment and ordered that (1) "Defendants, their heirs, successors, any persons acting in concert with them, their

3

assigns, and/or any co-owners of the property that is the subject of the within matter is hereby permanently enjoined from further violation of the Geauga County Board of Health's Order, dated January 5, 2009"; and (2) "Defendants, their heirs, successors, any persons acting in concert with them, their assigns, and/or any co-owners of said property is hereby ORDERED to comply with the rules and regulations of Geauga County and the State of Ohio, and to comply with the Board of Health's Order to obtain a sewage permit and install a new sewage disposal system on the property located at 12490 Kinsman Road, Burton Township, Ohio." In addition, the Malliskis were ordered to pay the costs of the action, and a lien was placed upon the "lands and tenements situated in Geauga County" owned by Mr. Malliski for the amount of $248.69.

{¶8} In May 2015, the Bd. of Health filed a motion for the Malliskis to appear and show cause why they should not be held in contempt for failing to comply with the trial court's order granting default judgment. After failure of service upon the Malliskis, the Bd. of Health filed a notice of withdrawal of its motion to show cause.

{¶9} Several years later, in 2017, the Bd. of Health filed a second motion to appear and show cause. The Bd. of Health filed a notice of withdrawal of the motion after service was returned unclaimed.

{¶10} On January 21, 2022, the Bd. of Health filed a motion to substitute defendants pursuant to Civ.R. 25(C), alleging that DNL Capital was the new owner of the property and should be held responsible for complying with the Bd. of Health's original order. Attached to the motion was a "sales record" of the property printed from the Geauga County Auditor's website.

{¶11} The trial court granted the motion five days later, on January 26, 2022, and ordered DNL Capital to be substituted for the Malliskis.

4

Case No. 2022-G-0012

{¶12} DNL Capital appeals, raising three assignments of error for our review:

{¶13} "[1.] The trial court committed prejudicial error by ordering the substitution of the defendants after judgment.

{¶14} "[2.] The trial court committed prejudicial error by failing to allow the defendant-appellant an opportunity to respond to and be heard in connection with plaintiff-appellee's motion to substitute defendant(s).

{¶15} "[3.] The trial court committed prejudicial error by failing to make a finding supported by some competent, credible evidence of probative value that there had been a transfer of interest."

## Civ.R. 25(C)

{¶16} Civ.R. 25(C) governs the substitution of parties in the event of a transfer of interest and provides that "the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."

{¶17} Because Civ.R. 25(C) provides that the proceedings *may be* continued by or against the original party, "'[t]he rule does not require that a substitution of parties be made.'" *Midwest Business Capital v. RFS Pyramid Mgt., LLC*, 11th Dist. Trumbull No. 2011-T-0030, 2011-Ohio-6214, ¶ 23, quoting *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 71, 567 N.E.2d 1291 (1991). Rather, the decision to substitute a party or parties is a matter within the trial court's discretion. *Id.* If a court determines a transfer of interest has occurred, it may substitute parties pursuant to Civ.R. 25(C). *Id.*; *see, e.g.*, *Dater v. Charles H. Dater Found., Inc.*, 166 Ohio App.3d 839, 2006-Ohio-2479, 853 N.E.2d 699, ¶ 11 (1st Dist.).

5

{¶18} We review the trial court's decision to grant or deny a motion to substitute a party under Civ.R. 25 for an abuse of discretion. *U.S. Bank, N.A. v. Jeffers*, 2017-Ohio-9153, 101 N.E.3d 1187, ¶ 27 (8th Dist.). An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed. 2004). When an appellate court is reviewing a pure issue of law, "the mere fact that the reviewing court would decide the issue differently is enough to find error. * * *. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶ 67.

{¶19} We address DNL Capital's second assignment of error first since it is dispositive of this appeal. In its second assignment of error, DNL Capital contends the trial court erred by failing to allow it an opportunity to respond before it ruled on the Bd. of Health's "Motion to Substitute Defendant(s)."

{¶20} Delineating the time to respond to motions, Civ.R. 6(C)(1) provides that "[r]esponses to a written motion, * * * may be served within fourteen days after service of the motion."

{¶21} Loc.R. 7(B)(2) of the Court of Common Pleas of Geauga County mirrors Civ.R. 6 and provides that "[u]nless otherwise provided by Rule or order, opposition to motions must be filed * * * within <u>14 days of service</u> of all other motions." (Emphasis sic.)

{¶22} A review of the record in this case reveals that the Bd. of Health filed its motion on January 21, 2022, and that the trial court ruled on the motion five days later, on January 26, 2022.

6

Case No. 2022-G-0012

{¶23} To rule on motions prior to the expiration of the deadlines constitutes a denial of due process/the opportunity to respond. *See, e.g., Bank of New York v. Goldberg*, 11th Dist. Geauga No. 2019-G-0204, 2019-Ohio-3998, ¶ 8 (A trial court's failure to allow a full and fair response before ruling on a motion for summary judgment implicates due process rights of the nonmoving party and constitutes reversible error).

{¶24} In the context of a trial court ruling prematurely on a Civ.R. 60(B) motion for relief, in *Equable Ascent Fin. v. Ybarra*, 9th Dist. Lorain No. 12CA010190, 2013-Ohio-4282, the Ninth District aptly explained:

{¶25} "Fundamental due process principles require that each party have the opportunity to be heard prior to a trial court rendering a decision. *See, e.g., Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ('An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.') (Internal quotations and citations omitted.). Thus, we have previously concluded that, '[u]ntil the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved.' (Internal quotations and citation omitted.) *State v. Dalchuk*, 9th Dist. Summit No. 21422, 2003-Ohio-4268, ¶ 5. *See also Haley v. Nomad Preservation*, 9th Dist. Summit No. 26492, 2013-Ohio-159, ¶ 17; Civ.R. 6(C)(1) (generally requiring service of '[a] written motion, other than [motions for summary judgment, may be served within fourteen days after service of the motion]'. * * * In such cases, appellate review of a trial court's exercise of discretion is problematic when the trial court has not fully considered the arguments of all parties. Thus, this Court has concluded that granting a motion before the other party has an opportunity to respond typically constitutes an abuse of discretion. *See Dalchuk* at ¶ 5." *Id.* at ¶ 6.

7

Case No. 2022-G-0012

{¶26} Likewise in the instant case, DNL Capital did not have the opportunity to file a written response, and the trial court did not consider its arguments. Under these circumstances, the trial court abused its discretion when it granted the Bd. of Health's motion without giving DNL Capital an opportunity to respond, finding it to be a substitute party to a default judgment. Thus, we sustain DNL Capital's second assignment of error.

{¶27} We decline to address DNL Capital's first and third assignments of error, i.e., whether the trial court committed prejudicial error by ordering the substitution of DNL Capital after judgment and whether there was competent, credible evidence to support the trial court's finding that there had been a transfer of interest in the property at issue, because they are not yet ripe for review. Any determination would be premature since the trial court has yet to consider DNL Capital's response to the Bd. of Health's "Motion to Substitute Defendant(s)."

{¶28} For the forgoing reasons, we reverse the judgment of the Geauga County Court of Common Pleas and remand for further proceedings in accordance with this opinion.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

8

Case No. 2022-G-0012