[Cite as *Brantley v. Title First Agency, Inc.*, 2012-Ohio-766.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| JOHNNY BRANTLEY, | : | APPEAL NO. C-110480 |
| and | : | TRIAL NO. A-1103038 |
| CHARLENE BRANTLEY, | : | |
| Plaintiffs-Appellants, | : | *O P I N I O N.* |
| vs. | : | |
| TITLE FIRST AGENCY, INC., | : | |
| NATIONAL CITY HOME EQUITY, | : | |
| COUNTRYWIDE BANK, N.A., | : | |
| and | : | |
| BANK OF AMERICA, N.A., | : | |
| Defendants-Appellees, | : | |
| and | | |
| DENICE PARRISH, | : | |
| Defendant. | : | |
| | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: February 29, 2012

*Johnny Brantley* and *Charlene Brantley*, pro se,

*Paul E. Blevins* and *Linda Rossie*, for Defendant-Appellee Title First Agency, Inc.,

*Vorys, Sater, Seymour and Pease L.L.P.* and *J.B. Lind*, for Defendant-Appellee National City Home Equity,

*McGlinchey Stafford PLLC*, *Rose Marie L. Fiore* and *James S. Wertheim*, for Defendants-Appellees Countrywide Bank, N.A., and Bank of America, N.A.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiffs-appellants Johnny and Charlene Brantley ("the Brantleys"), appeal from the entries of judgment by the trial court in favor of defendants-appellees Countrywide Bank, N.A., Bank of America, N.A., Title First Agency, Inc., and National City Home Equity (collectively "Appellees") on res judicata grounds. Because we determine that we lack jurisdiction over the Brantleys' appeal, we sua sponte dismiss it.

## *Background*

{¶2} The Brantleys filed their complaint in this action on April 15, 2011, naming as defendants Appellees, as well as Denice Parrish. The clerk of courts then served the summons on Appellees' respective attorneys and Parrish's attorney, as listed in the certificate of service attached to the Brantleys' complaint.

{¶3} Prior to answering, Title First filed a motion to dismiss the Brantleys' complaint, arguing that the instant complaint was nearly identical to a complaint that had been filed by the Brantleys in a previous action in the Hamilton County Court of Common Pleas in the case numbered A-0903201, which had been disposed of by the trial court on summary judgment. National City Home Equity filed a motion for summary judgment, and Countrywide Bank and Bank of America filed a joint motion to dismiss, or in the alternative, motion for summary judgment, requesting that judgment be entered in their favor on the Brantleys' complaint on res judicata grounds. In support of their motions, Appellees each attached an uncertified copy of the judgment entry in the case numbered A-0903201. The record indicates that Parrish never appeared in the action.

3

{¶4} The trial court granted Appellees' respective motions. The Brantleys now appeal.

### *Jurisdiction*

{¶5} Before this court can exercise jurisdiction over an appeal, an order of a lower court must be a final, appealable order and meet the requirements of R.C. 2505.02 and Civ. R.54(B), if applicable. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). Civ.R. 54(B) applies where more than one claim for relief is presented, or multiple parties are involved, and where the court has rendered a final judgment with respect to fewer than all of those claims or parties. *Whitley v. Progressive Cas. Ins. Co.*, 1st Dist. Nos. C-110157 and C-110168, 2012-Ohio-329, ¶ 8.

{¶6} Civ.R. 54(B) provides

> When more than one claim for relief is presented in an action * * *, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the

4

entry of judgment adjudicating all the claims and the

rights and liabilities of all the parties.

{¶7} An order that enters judgment as to fewer than all parties or claims, which lacks an express determination that no just reason for delay exists, is not a final, appealable order. *Icon Constr., Inc. v. Statman, Harris, Siegel & Eyrich, L.L.C.*, 1st Dist. No. C-090458, 2010-Ohio-2457, ¶ 7, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus (1989) ("An order that adjudicates fewer than all of the claims or rights of the parties and that does not meet the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, is not a final, appealable order.").

{¶8} Civ.R. 54(B) applies to the instant action, as multiple claims and parties are involved, and the orders granting Appellees' motions apply to fewer than all the parties, namely Parrish. The record fails to demonstrate that Parrish received sufficient service of process because the complaint and summons were served on Parrish's attorney, and not Parrish. *See* Civ.R. 4.2(A) (service of process on an individual defendant shall be made by serving the individual); *compare* Civ.R. 5(B) (pleadings and other papers subsequent to the original complaint shall be served on a party's attorney). Moreover, Parrish never appeared in the action.

{¶9} Parrish remains a "party" to the action for purposes of Civ.R. 54(B) despite the failure of service of process. She is a named defendant in the Brantleys' complaint, and she has not been dismissed from the action. *See* Civ.R. 4(C) (defining defendant as "any party upon whom service of summons is sought"); *see also* Civ.R. 4(E) (authorizing a trial court to dismiss an action without prejudice as to a defendant, either sua sponte after giving notice to the plaintiff, or upon motion, if service has not been made within six months of the filing of the complaint, and the

plaintiff cannot show good cause as to why service was not made within that period). Moreover, the Brantleys have one year from the filing of the complaint to effectuate proper service of process under Civ.R. 3(A), and that one-year timeframe has not yet expired.

{¶10} Therefore, because the orders from which the Brantleys appeal do not enter final judgment as to Parrish, and the orders do not contain the "no just reason for delay" certification required by Civ.R. 54(B), this court lacks jurisdiction over the Brantleys' appeal. *Accord Rubin v. Allis Chalmers-Corp.*, 8th Dist. No. 37029, 1978 Ohio App. LEXIS 9795 (dismissing an appeal for lack of jurisdiction under Civ.R. 54(B) where a trial court had entered judgment in favor of one defendant, and another defendant had not yet been served); *compare Jackson-Summers v. Brooks*, 8th Dist. No. 86522, 2006-Ohio-1357 (determining that a trial court's entry of judgment in favor of one of several defendants was a final, appealable order because the other defendants were not served within one year of the filing of the complaint as required by Civ.R. 3(A)).

## Conclusion

{¶11} In sum, as defendant Parrish failed to receive service of process and has not appeared in the action, Parrish nevertheless remains a party to the suit because the time for service has not yet expired under Civ.R. 3(A), and the suit against Parrish has not been dismissed. Thus, because the orders from which the Brantleys appeal enter judgment as to fewer than all defendants, and the orders do not contain the Civ.R. 54(B) certification that no just cause for delay exists, the orders are not final and appealable. Consequently, we lack jurisdiction to entertain this appeal, and the appeal is sua sponte dismissed.

6

Appeal Dismissed.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.