[Cite as *In re I.B.*, 2012-Ohio-4547.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: I.B.                 :         APPEAL NO. C-120116
                                   TRIAL NO. F11-138z

                                  :

                                  :         *O P I N I O N.*

Civil Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  October 3, 2012

*David L. Prem*, for Petitioner-Appellee Father.

*The Farrish Law Firm* and *Kathleen C. King*, for Respondent-Appellant Mother.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Following a brief relationship with appellee father, appellant mother gave birth to their child, I.B., in December 2010. Because she was unmarried at the time, mother was the child's sole residential parent and legal custodian by operation of R.C. 3109.042. One month later, however, father petitioned the Hamilton County Juvenile Court for custody.

{¶2} The matter was referred to a magistrate who prepared a decision designating father as the child's legal custodian, finding that he was "capable of providing a significantly more stable living environment," and that "he would be more likely to foster a continuing relationship" between mother and child than vice versa. Nevertheless, the magistrate also concluded that mother "should be permitted significant, reasonable parenting time." The magistrate did not, however, specify the extent of mother's visitation rights, noting that the "trial testimony was not related to, and therefore was insufficient, to establish a schedule of visitation for mother."

{¶3} On January 26, 2012, over mother's objections, the trial court adopted the magistrate's decision and ordered mother to give I.B. to father on February 5, 2012. The court encouraged the parties to discuss a parenting time schedule, and indicated that if such a schedule was signed by both parties and submitted to the court by March 1, 2012, the court would "adopt that schedule without any additional filings or fees." The court further stated that "[i]f no agreement is reached, either parent may file a petition requesting the Court to establish a parenting time schedule for them." The order was subsequently stayed until February 16, 2012. On February 13, 2012, while the stay was pending, mother appealed to this court from the January 26 entry, raising two assignments of error.

2

{¶4} Before we reach the merits of her appeal, however, we must determine whether that entry constitutes a final, appealable order. "Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. If an order is not final and appealable, this court lacks jurisdiction and must dismiss the appeal. If the parties do not raise the jurisdictional issue, we are required to raise it sua sponte." *Hooten v. Safe Auto Ins. Co.*, 1st Dist. No. C-061065, 2007-Ohio-6090, ¶ 10.

{¶5} For an order to be a final, appealable order, the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B) must be met. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 27. "Civ.R. 54(B) applies where more than one claim for relief is presented, or multiple parties are involved, and where the court has rendered a final judgment with respect to fewer than all of those claims or parties." *Brantley v. Title First Agency, Inc.*, 1st Dist. No. C-110480, 2012-Ohio-766, ¶ 5. Where an order enters judgment as to fewer than all parties or claims, but lacks an express determination that there is "no just reason for delay," we lack jurisdiction to review that order and must dismiss any appeal arising from it. Civ.R. 54(B); *see Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶6} In this case, because neither father nor mother filed a pleading or motion with the court that requested shared parental rights and responsibilities in accordance with R.C. 3109.04(G), the trial court was required, in a manner consistent with the best interests of the child, to

> allocate the parental rights and responsibilities for the care of the [child] primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, *and divide between the*

3

*parents the other rights and responsibilities for the care of the [child],* including, but not limited to, the responsibility to provide support for the [child] and the right of the parent who is not the residential parent to have continuing contact with the [child].

(Emphasis added.)  R.C. 3109.04(A)(1).

{¶7}   As this language indicates, more was at stake below than the designation of I.B.'s residential parent and legal custodian.  The trial court was also charged with specifying the residual parental rights and responsibilities of the other parent.  But on our record, the court did not do so.  Indeed both the magistrate's decision and the court's entry adopting that decision clearly contemplate further action with respect to the parenting time schedule.  The court, therefore, adjudicated "the rights and liabilities of fewer than all the parties."  Civ.R. 54(B).  Because the court did not also include an express determination that there is no just reason for delay, we must conclude that its January 26 entry is not a final, appealable order.  *See Wheeler v. Colley,* 4th Dist. No. 99CA2481, 1999 Ohio App. LEXIS 3975 (Aug. 16, 1999).  We, therefore, lack jurisdiction to consider the merits of mother's appeal, and we must dismiss it.

Appeal dismissed.

**SUNDERMANN, P.J.,** and **DINKELACKER, J.,** concur.

Please note:
The court has recorded its own entry this date.

4