[Cite as *Daudistel v. Silverton*, 2013-Ohio-2103.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| MICHAEL DAUDISTEL, | : | APPEAL NO. C-120611 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1107111 |
| vs. | : | *O P I N I O N.* |
| VILLAGE OF SILVERTON, | : | |
| and | : | |
| MARK WENDLING, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| JOHN AND JANE DOE EMPLOYEES AND ELECTED AND APPOINTED OFFICIALS OF THE VILLAGE OF SILVERTON, | : : | |
| Defendants. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal:  May 24, 2013


*Hardin, Lazarus, & Lewis, LLC, Donald Hardin* and *David Hardin*, for Plaintiff-Appellant,

*Schroeder, Maundrell, Barbiere & Powers, Lawrence Barbiere, Dinsmore and Shohl* and *Bryan Pacheco*, for Defendants-Appellees.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Plaintiff-appellant Michael Daudistel, former police chief for defendant-appellee the former city and now village of Silverton (the "Village"), appeals from the judgment of the trial court granting a motion for judgment on the pleadings in favor of the Village and defendant-appellee Mark Wendling. Because we determine that we lack jurisdiction to review the order on appeal, we dismiss the appeal.

{¶2} Daudistel served as police chief for the Village until his termination following disciplinary proceedings. Daudistel appealed the Village's termination decision to the Silverton Civil Service Commission (the "Commission"). While his appeal was pending with the Commission, Daudistel filed a request for retirement benefits, which then prompted the Village to file a motion to dismiss Daudistel's appeal. The Commission granted the motion, and Daudistel then appealed the Commission's decision to the Hamilton County Court of Common Pleas. The trial court affirmed the dismissal in the case numbered A-1001251.

{¶3} Daudistel filed a separate complaint against Wendling and the Village on September 10, 2011, alleging disability discrimination, hostile work environment, intentional infliction of emotional distress, and civil conspiracy. With leave of the court, Daudistel amended his complaint on October 26, 2011, to add claims of negligent infliction of emotional distress and violation of due process, and to add John and Jane Doe as defendants (the "Doe defendants"). Daudistel alleged that the Doe defendants were "employees and elected and appointed officials of [the Village], whose actual identities and nature and extent of their participation in the events leading up to [Daudistel's] termination [were] unknown * * *."

2

{¶4} Wendling and the Village moved for judgment on the pleadings, raising defenses of res judicata, political subdivision immunity, and failure to state a claim upon which relief could be granted. The trial court granted judgment on the pleadings in favor of Wendling and the Village on August 16, 2012, stating that its decision "ends the matter * * *." This appeal ensued.

## Jurisdiction

{¶5} In a single assignment of error, Daudistel argues that the trial court erred in granting the motion for judgment on the pleadings filed by the Village and Wendling. Before we examine the merits of Daudistel's appeal, we must address the issue of our jurisdiction. Prior to our exercising jurisdiction over an appeal, an order must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

{¶6} Civ.R. 54(B) applies where more than one claim for relief is presented, or multiple parties are involved, and where the court has rendered a final judgment with respect to fewer than all of those claims or parties. *Brantley v. Title First Agency, Inc.*, 1st Dist. No. C-110480, 2012-Ohio-766, ¶ 5, citing *Whitley v. Progressive Cas. Ins. Co.*, 1st Dist. Nos. C-110157 and C-110168, 2012-Ohio-329, ¶ 8. An order that enters judgment as to fewer than all parties or claims, which lacks an express determination that no just reason for delay exists, is not a final, appealable order. *Brantley* at ¶ 7; *Icon Constr., Inc. v. Statman, Harris, Siegel & Eyrich, L.L.C.*, 1st Dist. No. C-090458, 2010-Ohio-2457, ¶ 7.

{¶7} Daudistel requested leave to file an amended complaint, in part, to add claims against the Doe defendants. The Doe defendants were never identified nor served, and the one-year period to effectuate service of the complaint on them had

not expired before Daudistel filed his notice of appeal. *See* Civ.R. 3(A); Civ.R. 15(D). Because the record indicates that the Doe defendants remain parties to the action, and the order from which Daudistel appeals fails to dispose of the claims against the Doe defendants, Civ.R. 54(B) applies to the order. *See also Mosley v. 131 Foods, Inc.*, 8th Dist. No. 87696, 2006-Ohio-5719, ¶ 5 (determining that where the one-year period for service on unidentified parties has not yet expired, a judgment in favor of other defendants must contain Civ.R. 54(B) language).

{¶8} The trial court's order states that its decision "ends the matter[;]" however, this statement does not satisfy the certification required by Civ.R. 54(B). *See* Civ.R. 54(B) (requiring the court to make an "express determination that there is no just reason for delay"). Therefore, because the order on appeal fails to comply with Civ.R. 54(B), this court lacks jurisdiction over Daudistel's appeal. Accordingly, we must sua sponte dismiss the appeal.

*Appeal dismissed.*

**DINKELACKER, P.J.,** and **DEWINE, J.,** concur.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.

4