[Cite as *JP Morgan Chase Bank v. Stotler*, 2014-Ohio-4238.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A., | : | APPEAL NO. C-130720 |
| | | TRIAL NO. A-1206989 |
| Plaintiff, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| CHARLES AND KATHRYN STOTLER, | : | |
| | | |
| Defendants/Third-Party | : | |
| Plaintiffs-Appellants, | | |
| | : | |
| vs. | : | |
| | | |
| LORAL LANGEMEIER, | : | |
| | | |
| and | : | |
| | | |
| LIVE OUT LOUD, INC., | : | |
| | | |
| Third-Party Defendants- | : | |
| Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: September 26, 2014

*Dever Law Firm, LLC*, and *Scott A. Hoberg*, for Defendants/Third-Party Plaintiffs-Appellants,

*J. Thomas Hodges* for Third-Party Defendants-Appellees.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal that must be dismissed because we lack jurisdiction. The order appealed from—a grant of summary judgment—was not final and appealable because it did not enter judgment as to all the parties in the case, and did not contain a determination under Civ.R. 54(B) that there is no just reason for delay.

{¶2}     This matter started when JP Morgan Chase filed lawsuits seeking to foreclose on two homes owned by the appellants in this proceeding, Charles and Kathryn Stotler (the "Stotlers"). The two cases were consolidated, and the Stotlers filed claims against a number of third-party defendants, including appellees Loral Langemeier and her company Live Out Loud ("LOL").

{¶3}     The gist of the Stotlers' claims was that they had fallen for a get-rich-quick scheme whereby unsophisticated buyers were induced to purchase run-down, overpriced homes. Ms. Langemeier and LOL, a "wealth coaching" firm, convinced buyers to purchase the homes. The other third-party defendants—comprised of the seller of the homes, a credit union that facilitated the sales, a credit union employee who performed inspections and appraisals, and two contractors who performed repairs on the homes—all made money on the deals. As part of the conspiracy, these other third-party defendants were alleged to have paid kickbacks to Ms. Langemeier and LOL.

{¶4}     Ms. Langemeier and LOL moved for summary judgment on the claims against them. The magistrate entered a decision granting the motion for summary judgment, and specifically noted that "[t]he Court does not make any decision regarding the remaining allegations against the other Defendants at this early point in the proceedings." On August 8, 2013, the trial court entered an order adopting the magistrate's decision. At the time of the trial court's summary-judgment decision there

remained multiple parties and claims still pending: the foreclosure claims remained unresolved, as did a number of the claims against the other third-party defendants.

{¶5}    The Stotlers on September 9, 2013, filed a motion styled "Motion to Clarify or Amend Entry." In the body of the motion, the Stotlers said this:

Specifically, the Defendants request confirmation of whether this Court desires the Entry to serve as a final appealable order or judgment of the claims relating to Third Party Defendants Live Out Loud and Loral Langemeier and whether the Court has determined that there is no just reason for delay in accordance with Civ. R. 54(B).

{¶6}    The court responded on September 25 with a new entry. That entry provided in pertinent part:

The Court finds that the Confirmation of the Magistrate's Decision is a final appealable order and amends the record as such. This order simply amends the entry of August 8, 2013 and in no way changes the order other than to make it a final appealable order. This order does not affect any portions of the case still in progress in front of the Magistrate and this does not end the case.

This appeal followed.

{¶7}    At oral argument, it was suggested that jurisdiction before this court was proper because the trial court had said the order was appealable. If only it were that easy.

{¶8}    The Ohio Constitution limits our jurisdiction to the review of final orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.

2505.02 are met." *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

{**¶9**}     Civ.R. 54(B) applies in cases involving multiple claims or parties when a court has rendered judgment as to some but not all of the claims or parties. *See* Civ.R. 54(B).   Under the rule, an order that enters judgment as to fewer than all parties or claims must contain "an *express* determination that there is no just reason for delay" to be a final, appealable order.   (Emphasis added.)   Civ.R. 54(B).   "Unless those words appear * * * the order is subject to modification and it cannot be either final or appealable." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{**¶10**}     Here, the trial court's order described the order as final and appealable, but left out the magic words—"there is no just reason for delay."   Merely describing an order as final and appealable, without express reference to the language of Civ.R. 54(B), is not sufficient to satisfy the rule's certification requirement. *See Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 8; *Daudistel v. Silverton*, 1st Dist. Hamilton No. C-120611, 2013-Ohio-2103, ¶ 8.

{**¶11**}     The order is not a final appealable order because it entered judgment as to fewer than all the parties and lacked the "no just reason for delay" determination required by Civ.R. 54(B).   We therefore dismiss the appeal.

Appeal dismissed.


**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

4