[Cite as *Scheer v. Knierim*, 2016-Ohio-5583.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

KARL M. SCHEER,                    :          APPEAL NO. C-150763
                                              TRIAL NO. A-1400256
  and                              :
                                              *O P I N I O N.*
KATHERINE J. SCHEER,               :

   Plaintiffs-Appellees,           :

  vs.                              :

FOY S. KNIERIM,                    :

   Defendant-Appellant.            :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  August 31, 2016


*Michael Todd McIntosh* for Plaintiffs-Appellees,

*Kira Danielle Esperante* and *Tyler Michelle Stoner* for Defendant-Appellant.

**DEWINE, Judge.**

{¶1}     This is an appeal from a summary judgment that determined the issue of liability but left unresolved the amount of damages to be awarded. Because such a decision does not constitute a "final order," we lack jurisdiction over this appeal.

{¶2}     The underlying dispute involves a sewer disposal line that runs through the property of two neighbors. Karl and Katherine Scheer sued Foy Knierim claiming that Knierim's sewer line runs under their property and connects to their line without their permission. On November 25, 2015, the court entered summary judgment on liability in favor of the Scheers and set the matter for a trial on damages. Mr. Knierim filed a notice of appeal from that decision on December 29, 2015. On January 19, 2016, the trial court awarded damages to the Scheers in the amount of $1,570.19 and permanently enjoined Knierim from using the sewer disposal line.

{¶3}     The Ohio Constitution limits our jurisdiction to appeals from "final orders" of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). An order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). A decision determining liability but deferring the issue of damages is not a final order because it does not determine the action or prevent a judgment. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, 866 N.E.2d 1059, ¶ 6; R.C. 2505.02. Because the order appealed from did not determine the action—i.e., it did not resolve the damages issue—it was not a final order.

{¶4} The court's January 19 order was a final order. It determined the action by deciding the issue that remained in the case—damages.[1] Mr. Knierim could have properly appealed from that order, but he did not. The only order that is the subject of the appeal before us is the court's nonfinal November 25 order.

{¶5} It is true that under certain circumstances, a premature notice of appeal may ultimately be effective to invoke the appellate court's jurisdiction. App.R. 4(C) provides a limited safe harbor: "[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." But under the plain terms of App.R. 4(C), for the safe harbor to apply the appeal must be filed "after announcement of a decision, order, or sentence." Here the judge did not "announce" any decision on damages prior to the filing of the notice of appeal. As a consequence, App.R. 4(C) does not apply.

{¶6} Because Mr. Knierim did not appeal from a final order, we dismiss the appeal.

{¶7} The appeal is dismissed.

Appeal dismissed.

**FISCHER, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

---

[1] It is questionable whether the trial court had jurisdiction to enter the January 19 order—a notice of appeal ordinarily divests a court of jurisdiction to decide any issues except those in aid of an appeal. *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8.