[Cite as *Kelly v. Swoish Ft Blue Ash, L.L.C.*, 2017-Ohio-836.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIMOTHY F. KELLY, | : | APPEAL NO. C-160461 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1407506 |
| vs. | : | *O P I N I O N.* |
| SWOISH FT BLUE ASH, LLC, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| CORPORATE WOODS I & II, LLC, | : | |
| and | : | |
| JOHN DOES NOS. 1-5, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: March 10, 2017

*James P. Urling* and *Thomas W. Condit*, for Plaintiff-Appellant,

*Jonathan W. Philipp*, for Defendant-Appellee.

**MYERS, Judge.**

{¶1} Plaintiff-appellant Timothy F. Kelly appeals the trial court's entry of summary judgment in favor of defendant-appellee Swoish FT Blue Ash, LLC, ("Swoish") on his negligence claim. Because we have no jurisdiction to entertain the appeal, we dismiss it.

{¶2} Kelly filed a complaint against Swoish, Corporate Woods I & II, LLC, ("Corporate Woods") and John Does Nos. 1-5, alleging that he had fallen on ice in the parking lot of a commercial property owned or operated by Swoish and Corporate Woods. He alleged that the Doe defendants were "persons, entities, agents, and/or subcontractors, whose identities could not be ascertained * * *, [who were] engaged in the business of owning/leasing/subcontracting, operating and maintaining" the property.

{¶3} The complaint was served on Corporate Woods and Swoish, but the Doe defendants were never identified nor served. Swoish filed an answer, but Corporate Woods did not answer or appear in the action.

{¶4} Thereafter, Swoish sought and was granted leave to file a motion for summary judgment. Following a hearing, the trial court granted summary judgment in favor of Swoish.

{¶5} We cannot reach the merits of Kelly's assignment of error because we have no jurisdiction to hear the appeal. Our appellate jurisdiction is limited to the review of final orders of lower courts. Ohio Constitution, Article IV, Section 3(B)(2); *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21. An order is final and appealable only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio

St.3d 86, 541 N.E.2d 64 (1989), syllabus; *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5. Civ.R. 54(B) applies where more than one claim for relief is presented or multiple parties are involved, and where the court has rendered a final judgment as to fewer than all claims or parties. *Chef Italiano* at 88. An entry of judgment involving fewer than all claims or parties is not a final, appealable order unless the court expressly determines that there is "no just reason for delay." Civ.R. 54(B); *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 78, 486 N.E.2d 99 (1985); *Scruggs* at ¶ 6.

{¶6} In this case, Kelly filed the action against multiple defendants, but the trial court's judgment disposed of his claims against only one defendant. We recognize that the action was never duly commenced against the Doe defendants because they were never identified or served with the complaint. *See* Civ.R. 3(A); Civ.R. 15(D); *Dillard v. Nationwide Beauty School*, 10th Dist. Franklin No. 90AP-273, 1990 WL 204766, *3 (Dec. 11, 1990); *Blanton v. Alley*, 4th Dist. Pike No. 02CA685, 2003-Ohio-2594, ¶ 29. However, Kelly did obtain service upon Corporate Woods, and Corporate Woods remained a party to the action at the time that summary judgment was entered in Swoish's favor.

{¶7} The trial court's judgment in favor of Swoish did not dispose of Kelly's claims against Corporate Woods, so Civ.R. 54(B) applies to the order. Because the trial court's order does not include the requisite Civ.R. 54(B) certification that there is "no just reason for delay," the order appealed from is not a final and appealable order. *See Hadassah v. Schwartz*, 1st Dist. Hamilton No. C-110699, 2012-Ohio-3910, ¶ 10. Consequently, we are without jurisdiction to entertain the appeal, and for that reason, the appeal is dismissed.

Appeal dismissed.

**CUNNINGHAM, P.J.**, and **ZAYAS, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.