[Cite as *Berardo v. Felderman-Swearingen*, 2020-Ohio-3098.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| LUIGI BERARDO, | : | APPEAL NO. C-190515 |
| and | | TRIAL NO. A-1706896 |
| TINA BERARDO, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | | |
| vs. | : | |
| DEVIN Q. FELDERMAN-SWEARINGEN, | : | |
| Defendant-Appellee, | | |
| and | : | |
| HUMANA, | | |
| and | : | |
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: May 27, 2020

*Dennis C. Mahoney* and *Amanda L Patton*, for Plaintiffs-Appellants,

*Jamey T. Pregon*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}     Luigi and Tina Berardo appeal the judgment of the Hamilton County Court of Common Pleas denying their post-trial motion for judgment notwithstanding the verdict, additur or, in the alternative, a new trial on damages. However, because we have no jurisdiction to entertain the appeal, we dismiss it.

{¶2}     In December 2015, the Berardos were injured in a car accident when a car driven by Devin Q. Felderman-Swearingen collided with their car.   The Berardos were insured under an automobile liability policy with Progressive Specialty Insurance Company ("Progressive"), which provided uninsured/underinsured-motorist coverage and medical-payments coverage.  Progressive paid medical bills on behalf of both Luigi and Tina Berardo for treatment of their injuries sustained in the accident.   Luigi Berardo was insured under an individual health insurance policy through Humana, which paid medical bills for the treatment of his injuries.

{¶3}     In December 2017, the Berardos filed an action against Felderman-Swearingen, Progressive, and Humana.   The Berardos alleged that they were injured as a result of Felderman-Swearingen's negligence.   They alleged that Humana and Progressive, having paid for medical expenses incurred by the Berardos for injuries sustained in the accident, should assert their subrogation interests in the action or be forever barred.   In addition, the Berardos alleged that they were entitled to a judgment against Progressive under the terms of their uninsured/underinsured-motorist coverage because their injuries and damages exceeded the insurance coverage of Felderman-Swearingen's insurance policy.

{¶4}     Felderman-Swearingen filed an answer denying liability.  Progressive filed an answer and asserted a cross-claim against Felderman-Swearingen.  Humana filed a motion to dismiss and a motion to intervene as a party-plaintiff.

{¶5} In June 2018, the Berardos dismissed their uninsured/underinsured-motorist claim against Progressive. The dismissal entry specifically indicated that the Berardos' claims against Progressive for medical-payments coverage, as well as Progressive's cross-claim against Felderman-Swearingen, remained open. In addition, the entry stated, "The dismissal does not affect the claims brought against all other remaining parties to this action."

{¶6} On April 19, 2019, the trial court granted Humana's motion to dismiss, and granted Humana's motion to intervene. The court deemed Humana's intervening complaint, which asserted claims against Felderman-Swearingen and Progressive, filed as of the date of the court's entry.

{¶7} The matter proceeded to a jury trial on April 22. The jury entered verdicts in favor of both of the Berardos against Felderman-Swearingen. The jury awarded Luigi Berardo damages in the amount of $23,677, $19,677 of which was for medical expenses and $4,000 of which was for past noneconomic damages. The jury awarded $0 to Luigi Berardo for past economic damages and for future noneconomic damages. The jury awarded Tina Berardo damages in the amount of $9,853, all of which was for medical expenses. The jury awarded Tina Berardo $0 for past economic damages, $0 for past noneconomic damages, and $0 for future noneconomic damages.

{¶8} The Berardos filed a motion for judgment notwithstanding the verdict, additur or, in the alternative, a new trial. They asserted that the jury's findings for noneconomic damages, $4,000 for Luigi Berardo and $0 for Tina Berardo, were not supported by the evidence. They asked the trial court to award an additional $80,000 for Luigi Berardo and $25,000 for Tina Berardo, for noneconomic damages. In the alternative, they sought a new trial on the ground of inadequate damages.

{¶9} Prior to the trial court's hearing on the Berardos' post-trial motion, Progressive filed a notice that stated it "will not be attending or participating" in the hearing. Progressive further stated that it "will adhere to the [c]ourt's decision."

{¶10} Following the hearing, the trial court denied the motion, stating in its entry, "Pursuant to Civil Rule 54, this is a final appealable order." At the time of the trial court's judgment, the Berardos' medical-payments subrogation claim against Progressive and both insurers' claims against Felderman-Swearingen, and Humana's claim against Progressive remained pending. The Berardos now appeal.

{¶11} Our appellate jurisdiction is limited to the review of final orders. *See* Ohio Constitution, Article IV, Section 3(B)(2); *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 21. An order is final and appealable only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶12} Civ.R. 54(B) applies where more than one claim for relief is presented or multiple parties are involved, and where the court has rendered a final judgment as to fewer than all claims or parties. *Chef Italiano* at 88. An entry of judgment involving fewer than all claims or parties is not a final, appealable order unless the court expressly determines that there is "no just reason for delay." Civ.R. 54(B); *Scruggs* at ¶ 6. Use of the language, "there is no just reason for delay," is mandatory. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Without it, the order is neither final nor appealable. *Id.*; *Daudistel v. Silverton*, 1st Dist. Hamilton No. C-120611, 2013-Ohio-2103, ¶ 8*.*

{¶13} We ordered the parties to submit supplemental briefs to address whether the trial court's judgment was a final, appealable order. In his supplemental brief, Felderman-Swearingen contends that it was his belief that the Berardos had

reached agreements with Progressive and Humana to protect their subrogation interests with the proceeds from an eventual verdict. The record before us, however, is devoid of any entries dismissing these parties if in fact the claims had been settled. Thus, they remain pending.

{¶14} The Berardos contend that the insurers' subrogation claims are derivative and do not vest until a verdict is finalized and they are paid. However, a verdict was rendered in their favor, and the subrogation claims which were ripe for decision remain unresolved.

{¶15} Felderman-Swearingen also argues that a judgment that resolves an insured's claim against a tortfeasor constitutes a final, appealable order despite the lack of Civ.R. 54(B) certification, even though the judgment does not resolve an insurer's derivative subrogation claim in the same action. He cites several cases for this proposition, including *Strayer v. Cox*, 2015-Ohio-2781, 38 N.E.3d 1162 (2d Dist.), *Hines v. Aetna Cas. & Sur. Co.*, 8th Dist. Cuyahoga No. 59600, 1992 WL 2588 (Jan. 9, 1992), and *Ashbaugh v. Family Dollar Stores*, 4th Dist. Highland No. 99 CA 11, 2000 WL 146391 (Jan. 20, 2000). However, those cases are distinguishable because they held that when judgment is entered in favor of *defendants* in a personal-injury case, any subrogation claim is mooted. Here, judgment was entered in favor of the *plaintiffs*, so the subrogation claims are not moot. They remain pending and undecided.

{¶16} Felderman-Swearingen acknowledges that the trial court's entry lacked the Civ.R. 54(B) certification language. He cites *Knickel v. City of Marion*, 3d Dist. Marion No. 9-2000-75, 2001 WL 39592 (Jan. 17, 2001), for the proposition that even if an order "does not quote exact language" from Civ.R. 54(B), the order constitutes a final, appealable order. In *Knickel*, the trial court's judgment entry did not use the Civ.R. 54(B) "no just reason for delay" language, and instead stated that there was "no reasonable cause for delay." *Id.* at *2. The Third District held that the

5

trial court's order was final and appealable because it was obvious from the court's use of "nearly identical" language that the court had "intended to comply in all respects with Civ.R. 54."

{**¶17**} Although the trial court's entry cited Civ.R. 54 generally and stated that it was "a final appealable order," the order did not include the mandatory Civ.R. 54(B) language: "there is no just reason for delay," any similar language, or any reference to subsection (B). As we have held, "[m]erely describing an order as final and appealable, without express reference to the language of Civ.R. 54(B), is not sufficient to satisfy the rule's certification requirement." *JP Morgan Chase Bank v. Stotler*, 1st Dist. Hamilton No. C-130720, 2014-Ohio-4238, ¶ 10. Because the court's order entered judgment as to fewer than all the claims and did not include the requisite Civ.R. 54(B) certification that there is "no just reason for delay," the order appealed from is not a final and appealable order. *See Kelly v. Swoish FT Blue Ash, LLC*, 1st Dist. Hamilton No. C-160461, 2017-Ohio-836, ¶ 7.

{**¶18**} Consequently, we are without jurisdiction to entertain the appeal, and for that reason, the appeal is dismissed.

Appeal dismissed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.