[Cite as *Hamilton v. Barth*, 2021-Ohio-601.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FRED B. HAMILTON, | : | APPEAL NO. C-200027<br>TRIAL NO. A-1805754 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| DOROTHY F. BARTH, | : | |
| and | : | |
| ANDREW BARTH, Guardian of the<br>Person and Estate of Louis E. Barth, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  March 5, 2021

*James L. Nieberding*, for Plaintiff-Appellant,

*Donald J. Meyer, Jr.*, for Defendants-Appellees.

**ZAYAS, Presiding Judge.**

{¶1} Plaintiff-appellant Fred B. Hamilton brings this appeal to challenge the trial court's grant of summary judgment in favor of defendants-appellees Dorothy Barth and Andrew Barth, as guardian of the person and estate of Louis E. Barth ("the Barths"). The trial court's grant of summary judgment disposed of all the claims contained within plaintiff's complaint. However, the entry failed to dispose of the counterclaim asserted by the defendants and failed to include the language required by Civ.R. 54(B) to make the entry a final appealable order. Therefore, we cannot reach the merits of Hamilton's assignment of error because we lack jurisdiction to hear this appeal.

## Background and Procedural History

{¶2} On October 23, 2018, Hamilton filed a complaint for breach of contract, specific performance, and declaratory judgment against Louis E. Barth and Dorothy F. Barth, who are the record owners of two parcels of land in Hamilton County.[1] The complaint alleged that Louis and Dorothy Barth executed a land contract with Hamilton for purchase of the two parcels of land, but never delivered possession of the land or performed under the contract. The first parcel of land consists of 63.57 acres in Harrison Township and the second parcel consists of 3.38 acres in Whitewater township. Both parcels together are known and designated as 6555 Brooks Road.

{¶3} On November 07, 2018, counsel for defendants filed a motion to substitute Andrew L. Barth as a party defendant in place of Louis E. Barth. In

[1] On February 8, 2021, counsel for the Barths filed a suggestion of death indicating that Louis Barth died on February 7, 2021, while this appeal was pending. No motion for substitution of a personal representative has been filed. If there is no representative, then the proceedings shall be had as the court of appeals may direct. *See* App.R. 29(A). Despite the suggestion of death, we direct that this appeal proceed and be determined as if Louis Barth was not deceased.

support of their motion, the Barths asserted that Louis Barth had been declared incompetent by the Hamilton County Probate Court on October 17, 2018, and that Andrew Barth had been appointed as guardian over his person and his estate. The trial court entered an agreed order granting the motion on November 14, 2018.

{¶4} On November 21, 2018, the Barths filed their answer to Hamilton's complaint and asserted a counterclaim against Hamilton for slander of title. The counterclaim was based on a document filed by Hamilton in the Hamilton County Recorder's Office entitled "Affidavit of Facts Relating to Title to Real Property," in which he asserts a claim of interest in the property by virtue of the land contract. Hamilton filed a response to the counterclaim on December 4, 2018.

{¶5} On September 18, 2019, the Barths filed a motion for summary judgment on plaintiff's complaint. In their summary-judgment motion, the Barths asserted there was no genuine issue of material fact and that the contract was invalid as a matter of law. Attached to the motion was an affidavit of Dorothy Barth and other supporting documentation.

{¶6} In her affidavit, Ms. Barth avers that she and her husband Louis are the record owners of two parcels of land in Hamilton County, the first of which is valued by the Hamilton County Auditor at $421,570 and the second at $36,900. In April of 2018, they were approached by Hamilton about buying this land. In May of 2018, Hamilton presented a land contract to them proposing to pay $55,000 for both parcels. The contract was prepared by Hamilton's attorney. She and her husband signed the contract, but it was never notarized. Hamilton also gave them $500; however, they returned the payment to Hamilton on May 18. On June 5, they received a letter from Hamilton's attorney which contained a check for $500 that was identified as the June payment under the contract. On June 15, their attorney

sent a letter to Hamilton's attorney returning the June payment and claiming that the contract was unenforceable.

{¶7}   On September 30, 2019, Hamilton filed a memorandum in opposition to the motion for summary judgment.  In the memorandum, Hamilton asserted that the contract was valid and enforceable, and attached an affidavit and other supporting documentation.

{¶8}   In his affidavit, Hamilton asserts the same facts as Ms. Barth, adding that the terms of the contract were agreed upon during the April 2018 discussion and were as follows: (1) $55,000 contract price, (2) $500 down payment due at time of execution of contract, (3) $500 per month from June 2018 through May 2025, and (4) a final balloon payment of the remaining balance of $13,000 in May 2025.  His attorney prepared the contract accordingly.

{¶9}   On October 07, 2019, the Barths filed a reply in support of their motion for summary judgment.  They attached a supplemental affidavit of Dorothy Barth, in which she supplemented the following information: (1) she is 72 and her husband is 77, (2) after signing the contract, her son visited their home on Mother's Day and saw an unsigned copy of the contract, (3) her son questioned why they would consider selling the land for such a low price and she told him they were not yet obligated to sell the property because they had not gone to the bank to have their signatures notarized, (4) she then decided not to sell the property, (5) she called Hamilton the next day and told him they did not want to sell the property because they were being cheated, and (5) Hamilton then came to their house around May 18 to accept the check returning his $500 payment.

{¶10}  On December 27, 2019, the trial court entered an order granting the Barths' motion for summary judgment, stating its reasoning as, "Both Plaintiff and

Defendants have acknowledged that the document was never notarized as required by R.C. 5301.01(A)." This appeal followed.

**Lack of a Final Appealable Order**

{¶11} Before we reach the merits of this appeal, we must determine whether the entry constitutes a final, appealable order. The Ohio Constitution limits our review to the review of final orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). If the order is not final and appealable, this court lacks jurisdiction and we must dismiss the appeal. If the parties do not raise the jurisdictional issue, we are required to raise it sua sponte. *In re I.B.*, 1st Dist. Hamilton No. C-120116, 2012-Ohio-4547, ¶ 4, citing *Hooten v. Safe Auto Ins. Co.*, 1st Dist. Hamilton No. C-061065, 2007-Ohio-6090, ¶ 10.

{¶12} An order is final and appealable only if it meets the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *State ex. rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

{¶13} When a case involves multiple claims, Civ.R. 54(B) must be followed. *Sadler* at ¶ 8. Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all the claims or parties *only upon the express determination that there is no just reason for delay*.

(Emphasis added.)

5

{¶14} "An entry of judgment involving fewer than all claims or parties is not a final, appealable order unless the court expressly determines that there is 'no just reason for delay.' " *Berardo v. Felderman-Swearingen*, 1st Dist. Hamilton No. C-190515, 2020-Ohio-3098, ¶ 12, citing *Chef Italiano Corp.* at 88. Use of this language is mandatory. *Id.*, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶15} Here, the Barths moved for summary judgment on the claims contained within Hamilton's complaint and the trial court granted the motion in their favor. The entry from the court states:

> This case came before the Court upon Defendant's Motion for Summary Judgment. The Court having reviewed the pleadings and documents herein finds the motion to [sic] well taken and is therefore GRANTED. Both Plaintiff and Defendant have acknowledged that the document was never notarized as required by R.C. 5301.01(A). Accordingly, the trial date is VACATED. SO ORDERED.

{¶16} The entry failed to address the outstanding counterclaim against Hamilton, and thus failed to dispose of all the claims within the case. Additionally, the entry does not include the language required by Civ.R. 54(B) that there is no just reason for delay. Therefore, the judgment entry is not a final appealable order and we must dismiss this appeal for lack of jurisdiction.

{¶17} Accordingly, the appeal is dismissed.

Appeal dismissed.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.