[Cite as *Deer Park Roofing, Inc. v. Oppt*, 2022-Ohio-1469.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DEER PARK ROOFING, INC., | : | APPEAL NO. C-210471<br>TRIAL NO. A-1804181 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| CONRAD OPPT, d.b.a. OPPT ARCHITECTURE AND | : | |
| CONSTRUCTION, | : | |
| Defendant-Appellant, | : | |
| vs. | : | |
| THOMAS DOUGLAS, | : | |
| JUDITH DOUGLAS, | : | |
| and | : | |
| A STEP ABOVE FLOORING AND INSTALLATION, | : | |
| INC., | : | |
| Third-Party Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal: May 4, 2022

*Melancthon W. Chatfield*, for Plaintiff-Appellee,

*James R. Hartke*, for Defendant-Appellant,

*Stites & Harbison PLLC* and *Andrew J. Poltorak,* for Third-Party Defendants-Appellees Thomas and Judith Douglas,

*Haverkamp Riehl & Michel Co., LPA,* and *Douglas M. Morehart*, for Third Party Defendant-Appellee A Step Above Flooring & Installation, Inc.

**BERGERON, Judge.**

{¶1}    This residential construction dispute involves a web of parties and claims. After plaintiff-appellee Deer Park Roofing, Inc., ("DPR") sued defendant-appellant Conrad Oppt, d.b.a. Oppt Architecture and Construction ("Mr. Oppt"), he responded by lodging a third-party complaint against the owners of the property, defendants-appellees Thomas R. Douglas and Judith W. Douglas ("the Douglases"), along with defendant-appellee A Step Above Flooring & Installation, Inc., ("ASAF").  ASAF subsequently filed a counterclaim against Mr. Oppt and a crossclaim against the Douglases.

{¶2} DPR and the Douglases eventually moved for summary judgment against Mr. Oppt, and the trial court granted their motions on August 16, 2021. The trial court's entry granting summary judgment acknowledged the pendency of ASAF's claims, which rendered its decision non-final for purposes of appeal. In an effort to wrap the case up, the trial court issued an entry notifying ASAF of the court's intent to dismiss its claims with prejudice pursuant to Civ.R. 41(B) and ordering ASAF to appear at a dismissal conference on September 14. On September 16, ASAF voluntarily dismissed its claims without prejudice pursuant to Civ.R. 41(A). With all matters now appropriately concluded, the trial court issued its final entry on September 20 (recognizing the dismissal of ASAF's claims).

{¶3} In the midst of all of this, on September 13, Mr. Oppt filed his notice of appeal from the trial court's August 16 entry granting summary judgment (i.e., several days before ASAF's voluntary dismissal and one week before the trial court issued its final entry). Mr. Oppt's appeal claims that the trial court abused its discretion by failing to consider his motion for leave to file a counterclaim, challenges the denial of his motion for a discovery extension, and insists that DPR and the Douglases were not entitled to summary judgment.

{¶4} Before we can consider the merits of this appeal, as a threshold issue, the Douglases suggest that we lack appellate jurisdiction over this matter because Mr. Oppt did not appeal from a final judgment. Although they featured this argument in their brief, Mr. Oppt's reply brief musters no response on the jurisdictional point. Obliged, as we are, to ensure that we have appellate jurisdiction, we turn to that question now.

{¶5} "The Ohio Constitution limits our jurisdiction to appeals from 'final orders' of lower courts." *Scheer v. Knierim*, 1st Dist. Hamilton No. C-150763, 2016-Ohio-5583, ¶ 3, citing Ohio Constitution, Article IV, Section 3(B)(2). "An order is final when it 'affects a substantial right in an action that in effect determines the action and prevents a judgment.'" *Id.* at ¶ 3, quoting R.C. 2505.02(B)(1). "An entry of judgment involving fewer than all

4

claims or parties is not a final, appealable order unless the court expressly determines that there is 'no just reason for delay.' " *Berardo v. Felderman-Swearingen*, 1st Dist. Hamilton No. C-190515, 2020-Ohio-3098, ¶ 12; Civ.R. 54(B). Here, the order that Mr. Oppt appealed from (i.e., the entry granting summary judgment) disposed of fewer than all claims because it left ASAF's counterclaim and crossclaim pending, a point duly noted by the trial court. And since that order did not "include the language required by Civ.R. 54(B) that there is no just reason for delay," it was interlocutory in nature. *Hamilton v. Barth*, 1st Dist. Hamilton No. C-200027, 2021-Ohio-601, ¶ 16.

{¶6} Although App.R. 4(C) sometimes secures appellate jurisdiction over premature notices of appeal, we find App.R. 4(C) inapplicable here consistent with prior precedent from this court. App.R. 4(C) provides that "[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry." Under its plain terms, App.R. 4(C) establishes appellate jurisdiction over notices of appeal filed after the trial court announces its final decision, but before that decision has been memorialized.

{¶7} It is less clear whether App.R. 4(C) establishes appellate jurisdiction over notices of appeal filed after the trial court issues an interlocutory decision that later becomes final. But in *Scheer*, we answered this precise question. That case involved an appeal from a summary judgment that determined the issue of liability, but left unresolved the amount of damages. *Scheer*, 1st Dist. Hamilton No. C-150763, 2016-Ohio-5583, at ¶ 1. Shortly after the appellant filed his notice of appeal, the trial court awarded the plaintiffs monetary and injunctive relief (thereby creating a final judgment). *Id.* at ¶ 2. Several months later, we dismissed the appeal, holding that we lacked appellate jurisdiction over the interlocutory liability order. *Id.* at ¶ 3. We explained that App.R. 4(C) did not safeguard the premature appeal under these circumstances: "[U]nder the plain terms of App.R. 4(C), for the safe

harbor to apply the appeal must be filed 'after announcement of a decision, order, or sentence.' Here the judge did not 'announce' any decision on damages prior to the filing of the notice of appeal. As a consequence, App.R. 4(C) does not apply." *Id.* at 5.

**{¶8}** Like in *Scheer*, Mr. Oppt appealed from an interlocutory order that later became final. Since the announced "decision, order, or sentence" must itself be final (once memorialized) for the safe harbor to apply, App.R. 4(C) does not salvage Mr. Oppt's appeal. *See id.* (holding that when the trial court announced its decision on liability, but "did not 'announce' any decision on damages prior to the filing of the notice of appeal," App.R. 4(C) did not apply). *See also Brown v. Potter*, 2d Dist. Montgomery Nos. 26774 and 26775, 2015-Ohio-4289, ¶ 4, 7 ("[App.R. 4(C)] addresses situations where a notice of appeal is filed in between a trial court's announcement of its decision, and the written judgment entry journalizing that decision. * * * [T]his court does not construe App.R. 4(C) to apply more generally to appeals of clearly interlocutory orders that later merge into a final order and become final at that time."); *Boylen v. Ohio Dept. of Rehab. & Corr.*, 5th Dist. Richland No. 10 CA 25, 2010-Ohio-6144, ¶ 28 (dismissing an appeal from order that did not dispose of all of the claims, and did not include the Civ.R. 54(B) language, even though the trial court disposed of the remaining claims after the appellant filed his notice of appeal). Accordingly, this appeal is dismissed for lack of jurisdiction.

**{¶9}** We acknowledge, however, that "Ohio case law is not entirely consistent" with respect to the interpretation of App.R. 4(C). *See Potter* at ¶ 7; *see also* Painter and Pollis, *Baldwin's Ohio Appellate Practice*, Section 3:19 (2018-2019) ("Courts are divided in the application of App.R. 4(C) when the notice of appeal is filed after the trial court announces an interlocutory (non-final) decision."). We find that our prior decision in *Scheer* conflicts with several opinions from our sister districts. *See, e.g., Smith v. McBride*, 10th Dist. Franklin No. 09AP-571, 2010-Ohio-1222, ¶ 10 (holding that App.R. 4(C) applied where party appealed

6

entry granting summary judgment that did not dispose of all of the claims and the trial court later certified the entry for appeal); *Robinson v. Spurlock*, 4th Dist. Jackson No. 11CA4, 2012-Ohio-1510, ¶ 13 (holding that App.R. 4(C) applied where party appealed judgment while his motion for a new trial was pending and the trial court subsequently denied his motion for a new trial); *Thornhill v. Fossett*, 8th Dist. Cuyahoga No. 93261, 2010-Ohio-2091, ¶ 4-5 (holding that App.R. 4(C) applied where party appealed from interlocutory order, the appellate court remanded under App.R. 9(E), and then the trial court entered a final judgment on remand). These districts appear to broaden the concept of "premature" notices of appeal to almost any appeal filed early, without a consideration of App.R. 4(C)'s language as we explained in *Scheer*.

{¶10} This issue also is of great consequence to the practicing bar, who may file premature notices of appeal out of an abundance of caution. In some districts, they can count on App.R. 4(C) to rescue their appeals in certain circumstances, but in other districts (like ours), their appeal might face dismissal. We thus certify a conflict to the Supreme Court pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution on the following question: "Does a premature notice of appeal of a non-final order that is subsequently rendered final confer appellate jurisdiction under App.R. 4(C)?"

Appeal dismissed.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.